BROWN, Appellant,

v.

LAVERY, Appellee.

[Cite as *Brown v. Lavery* (1993), 87 Ohio App.3d 745.]

Court of Appeals of Ohio,
Medina County.

No. 2156–M.

Decided May 26, 1993.

*Charles E. Grisi,* for appellant.

*Dennis R. Fogarty* and *Thomas W. Wright,* for appellee.

BAIRD, Presiding Judge.

This cause comes before the court upon the appeal of James W. Brown from an order in the Medina County Court of Common Pleas granting summary judgment to Cindy Lavery, because Brown failed to bring his personal injury claim within the two-year statute of limitations, R.C. 2305.10. The trial court held that the statute of limitations was tolled once, pursuant to R.C. 2305.15, but declined to acknowledge Lavery's second absence from the state of Ohio.

In December 1989, Cindy Lavery, a junior in high school, operated a motor vehicle which hit a patch of ice, traveled left of center and struck the vehicle of James W. Brown. Brown sustained personal injuries as a result of the accident. Two years later, when the statute of limitations would have expired, Lavery was out of the state attending Boston University.

Brown filed his lawsuit in May 1992, one hundred fifty-five days after the original limitations period. Lavery stipulated that she was absent from the state a total of ninety-eight days during the original two-year period. The trial court extended the statutory period by ninety-eight days, or until March 1992. During that extension, Lavery was absent another one hundred nine days, to attend her second semester classes. The trial court refused to grant the second extension of the statutory period. Without the extension, Brown commenced his action outside the applicable statutory period. The trial court granted Lavery's motion for summary judgment. Brown appeals and asserts a single assignment of error.

### Assignment of Error

"The trial court erred in granting defendant-appellee's motion for summary judgment because such dismissal was based on a misconstruction of the applicable law of Ohio."

Brown asserts that the trial court misconstrued the saving clause which tolls the running of the two-year statute of limitations for bodily injury. The saving clause provides, in pertinent part:

"After the cause of action accrues if he *departs from the state,* absconds, or conceals himself, the time of his absence or concealment *shall not be computed* as any part of a period within which the action must be brought." (Emphasis added.) R.C. 2305.15(A).

It is uncontroverted that Lavery departed from the state and was absent for at least ninety-eight days in 1991, and more than one hundred days during her

second semester of classes, January 1992 to May 1992, and neither of these periods is to be computed as any part of the period within which the action must be brought. It is of no moment that Lavery could have been served with notice of a lawsuit; the saving clause does not provide for an exception. The statute unambiguously provides that when a party departs from the state, the time of his absence *shall not* be computed as part of the statutory period. See *Wetzel v. Weyant* (1975), 41 Ohio St.2d 135, 70 O.O.2d 227, 323 N.E.2d 711, syllabus. The statute does not provide an exception for temporary absences or for more than one absence. Nor does it toll the statutory period only if one cannot otherwise serve a party. If a person departs from the state, the statute of limitations for personal injury claims is tolled.

The judgment of the trial court is reversed and the cause is remanded to the trial court for action in conformity with this opinion.

*Judgment reversed*
*and cause remanded.*

DICKINSON, J., concurs.

REECE, J., dissents.

REECE, Judge, dissenting.

I believe the majority has not emphasized the controlling part of R.C. 2305.-15(A). That statute states that the person's absence from the state "shall not be computed as any part of *a period within which the action must be brought*." (Emphasis added.) The majority properly refers to that period within which the action must be brought as the "statutory period" of two years. R.C. 2305.10. Clearly, it is during that statutory period that absences must occur in order to toll the time limitation and not during some additional, piggy-backed period of time.

I note that in the case of *Wetzel v. Weyant, supra,* cited by the majority, the absences occurred during the statutory period of two years.

I would affirm the judgment below.