LOVEJOY, Appellant,

v.

MACEK, Appellee.

[Cite as *Lovejoy v. Macek* (1997), 122 Ohio App.3d 558.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 96–L–149.

Decided Sept. 2, 1997.

Mitchell L. Alperin, for appellant.

Meyers, Hentemann & Rea Co., and Joseph H. Wantz, for appellee.

CHRISTLEY, Presiding Judge.

This is an accelerated calendar case. Appellant, Kennard R. Lovejoy, appeals the decision of the Lake County Court of Common Pleas denying appellant's motion for reconsideration of the trial court's decision to dismiss Count One of appellant's complaint against appellee, Stephen J. Macek, Jr.[1] For the following reasons, we find merit in appellant's assignment of error.

The case arose as a result of an automobile accident between appellant and appellee in Lake County on January 11, 1993.[2] When the matter was not resolved among the parties, appellant's counsel claimed that he "attempted to file a lawsuit" by placing a complaint and filing fee in the mail on December 27, 1994, some two weeks before the two-year statute of limitations for personal injury claims expired pursuant to R.C. 2305.10.

The clerk of courts, however, time-stamped the complaint on January 13, 1995.[3] Appellee moved for dismissal of Count One of appellant's claim pursuant to Civ.R.

---

1. Count One of appellant's complaint was filed on behalf of appellant for his personal injuries and lost wages sustained as a result of an automobile accident. Count Two of the complaint was filed on behalf of his four children for the loss of the services of their father. Count Two has been settled since the filing of this appeal on the claims of the children, thus rendering Count Two of the complaint moot. Therefore, we shall refer only to Kennard R. Lovejoy as appellant.

2. Appellant alleges in his complaint that appellee was driving behind appellant when appellant had to stop for a school bus on the road. The complaint alleges that appellee negligently failed to stop his automobile and struck the rear portion of appellant's car, causing both temporary and permanent injuries to appellant.

3. Appellant's counsel submitted an affidavit in which he alleged hearsay testimony to the effect that a clerk answering the telephone at the court told him it was common for documents to sit

12(B)(6), as the complaint on its face was filed two days after the applicable statute of limitations for personal injury expired on January 11, 1995.

The trial court granted appellee's motion to dismiss on April 27, 1995, after receiving briefs, replies, and responses from both counsel on the motion. Before the motion was granted, however, appellant had propounded a set of interrogatories to appellee primarily inquiring about his whereabouts and activities between January 11, 1993 and January 11, 1995.

Appellee served his verified answers to the interrogatories on appellant on May 5, 1995, subsequent to the trial court's dismissal of Count One of appellant's complaint on April 27, 1995. In the answers, appellee admitted to being out of the state of Ohio for vacation purposes for approximately six to nine days, as well as attending Fredonia State College in New York for approximately one year. Appellee worked as a night guard at Fredonia State College for approximately five months of that time. At all times, appellee maintained his permanent residence with his parents in Painesville, Ohio. Appellee returned to Painesville to attend college in Ohio from August 1993 through January 11, 1995.

Upon receiving appellee's answers, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B) on the basis that the periods during which appellee was out of the state of Ohio tolled the two-year statute of limitations for at least two days pursuant to R.C. 2305.15, so that the complaint had, in fact, been timely filed.

Appellee filed a brief in opposition, arguing that R.C. 2305.15 was rendered unconstitutional in violation of the Commerce Clause of the United States Constitution by the decision of the United States Supreme Court in *Bendix Autolite Corp. v. Midwesco Ent., Inc.* (1988), 486 U.S. 888, 108 S.Ct. 2218, 100 L.Ed.2d 896, and its progeny, and therefore did not apply to save appellant's complaint from a motion to dismiss. The trial court denied appellant's motion for relief from judgment.[4]

Appellant subsequently filed a motion for reconsideration in which he asserted the same arguments put forth in his motion for relief from judgment. Appellee again filed a brief in opposition on the same grounds which appellee had stated

---

around for weeks, thus arguing that it was not his fault that the complaint was not filed within the time limit period of R.C. 2305.10.

**4.** Appellant subsequently took an appeal of that decision to this court. Appellee filed a motion to dismiss because the trial court's decision denying appellant's motion for relief from judgment was not made pursuant to Civ.R. 54(B) and did not indicate that the judgment was a final, appealable order. We agreed and dismissed appellant's appeal as premature. *Lovejoy v. Macek* (Oct. 30, 1995), Lake App. No. 95–L–122, unreported. We note that the Civ.R. 60(B) motion was inappropriate as it was addressed to an interlocutory order.

earlier, *i.e.,* that R.C. 2305.15 was rendered unconstitutional by virtue of the decision in *Bendix* and its progeny, and thus it did not apply in this case.

The trial court denied appellant's motion for reconsideration and ruled that its decision of April 27, 1995 which dismissed count one of appellant's complaint should remain in full force. The trial court found "no just cause for delay," per Civ.R. 54(B). The basis of the trial court's decision was its determination that R.C. 2305.15 was unconstitutional in violation of the Commerce Clause of the United States Constitution in accordance with *Bendix* and its progeny. Specifically, the court found that (1) appellee was engaged in interstate commerce by his acts of vacationing and attending college out of state, and (2) appellant failed to meet his burden of showing that appellee's acts of leaving the state were a result of his attempts to abscond or conceal himself pursuant to R.C. 2305.15.

Appellant appeals this decision, asserting a single assignment of error:

"The lower court incorrectly interpreted, applied and/or expanded the statute of limitations contrary to law and in so doing clearly abused its discretion in prematurely dismissing this case before discovery could even be commenced."

At the core of appellant's arguments, he asserts that the decision of the United States Supreme Court in *Bendix* did not render the application of R.C. 2305.15 unconstitutional under the facts of this case, and that the state statute still applies to preclude dismissal of Count One of his complaint. We agree.

R.C. 2305.15(A) states in part:

"(A) When a cause of action accrues against a person, if he is out of the state, has absconded, or conceals himself, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14 * * * of the Revised Code does not begin to run until he comes into the state or while he is so absconded or concealed."

Prior to *Bendix,* the interpretation of R.C. 2305.15 in cases similar to this was well settled in Ohio. In *Wetzel v. Weyant* (1975), 41 Ohio St.2d 135, 70 O.O.2d 227, 323 N.E.2d 711, the Supreme Court of Ohio held that "[w]here a defendant temporarily leaves the state after a cause of action accrues against him, he 'departs from the state' within the meaning of R.C. 2305.15, and the time of his absence is not computed as any part of a period within which the action must be brought." *Id.* at syllabus. The defendant in *Wetzel* left the state of Ohio for approximately three and a half weeks of vacation. The court applied R.C. 2305.15 to toll the statute of limitations for the time the defendant was on vacation. Our own court and others applied R.C. 2305.15 in accordance with *Wetzel.* See *Hahn v. Lallanilla* (Jan. 9, 1978), Portage App. No. 764, unreported; *Conway v. Smith* (1979), 66 Ohio App.2d 65, 20 O.O.3d 134, 419 N.E.2d 1117.

Subsequently in *Bendix*, 486 U.S. 888, 108 S.Ct. 2218, 100 L.Ed.2d 896, the United States Supreme Court examined R.C. 2305.15(A) to determine if it violated the Commerce Clause in reference to out-of-state corporations. There, the court determined that the statute-of-limitations defense was in effect denied to out-of-state corporations by R.C. 2305.15. It reasoned that a foreign corporation would have to choose between exposure to the general jurisdiction of Ohio courts or forfeiture of any limitations defense under the tolling statute. The court determined this choice to be an impermissible burden on interstate commerce, thereby violating the Commerce Clause.

*Bendix* was then extended to a case where an Ohio resident moved out of state for employment purposes. *Tesar v. Hallas* (N.D. Ohio 1990), 738 F.Supp. 240. In *Tesar*, the court held that interstate commerce is clearly affected when persons move between states in the course of or in search of employment. *Id.* at 242. The court further determined that the individual defendant had an "even more draconian choice to make" than a corporation as he or she would have to remain in Ohio permanently to preclude application of the tolling statute. *Id.* at 242–243.

*Bendix* and its progeny were applied in the courts of Ohio in *Gray v. Austin* (1992), 75 Ohio App.3d 96, 598 N.E.2d 893. In *Gray*, the Second District Court of Appeals refused to apply R.C. 2305.15 in a case where a defendant permanently left Ohio to start a new law practice in the Virgin Islands, on the basis that the statute as applied violated the Commerce Clause. The court held that "under the rule of *Bendix*, application of R.C. 2305.15(A) to toll the statute of limitations * * *, as it applies to the facts of this case, is unconstitutional." *Id.* at 101, 598 N.E.2d at 896.

In the instant case, the trial court based its decision on the "logical progression" of *Bendix* and its progeny, including *Gray*, to find that the statute of limitations was not tolled under R.C. 2305.15 for an Ohio resident who temporarily left the state and engaged in interstate commerce unless this individual was intentionally attempting to conceal himself or herself or abscond. The trial court determined that appellee's acts of vacationing and attending college out of state amounted to acts which constituted interstate commerce.

Since the decision in *Bendix*, the appellate courts of Ohio have provided conflicting interpretations as to exactly what part of R.C. 2305.15 has been ruled unconstitutional, and to what situations R.C. 2305.15 still applies.[5] These differing interpretations can be classified into two main schools of thought.

---

5. The only post-*Bendix* case from the Supreme Court of Ohio does not offer guidance on the facts of this case. In *Hyde v. Reynoldsville Casket Co.* (1994), 68 Ohio St.3d 240, 626 N.E.2d 75, the court reversed a decision of this court which held that *Bendix* should apply retroactive-

First, appellate courts have determined that R.C. 2305.15 is no longer a valid means to extend the statute of limitations, as it has been found, with possibly two exceptions, to be violative of the Commerce Clause. Those two exceptions are where the defendant has absconded or concealed himself to avoid service. *Stutz v. Grigsby* (May 14, 1993), Lucas App. No. L–92–335, unreported, 1993 WL 155644. See, also, *Noonan v. Rogers* (1994), 97 Ohio App.3d 621, 647 N.E.2d 221; *Jones v. St. Anthony Med. Ctr.* (Feb. 20, 1996), Franklin App. No. 95APE08–1014, unreported, 1996 WL 70997; *Simpson v. Neidlinger* (Nov. 13, 1996), Hamilton App. No. C–950649, unreported, 1996 WL 656357.[6]

Second, appellate courts have applied R.C. 2305.15 as in pre-*Bendix* times, except in cases where the Commerce Clause was clearly invoked as a result of the defendant's employment or business-related travel to another state. In those cases where the defendant was working out of state or moved to accept employment in another state, R.C. 2305.15 was held to be unconstitutional as a violation of the Commerce Clause. *Gray;* see, also, *Hoagland v. Webb* (June 3, 1994), Montgomery App. No. 14024, 14061, unreported, 1994 WL 237504; *Gardner v. Gleydura* (Jan. 16, 1997), Cuyahoga App. No. 69791, 1997 WL 15280.

In cases where there appeared to be no issue as to whether the defendant was engaged in interstate commerce, appellate courts have continued a literal application of R.C. 2305.15. See *Brown v. Lavery* (1993), 87 Ohio App.3d 745, 622 N.E.2d 1179; accord *Turek v. Hogan* (June 28, 1993), Butler App. No. CA92–09–178, unreported, 1993 WL 229395.

In *Brown,* the Ninth District Court of Appeals was faced with a case very similar to the instant one. The defendant in *Brown* also left Ohio to attend college out of state. The court did not hesitate to apply R.C. 2305.15 to toll the statute of limitations for the time she was at college. In applying the tolling statute, the court did not engage in any analysis as to whether the defendant was engaged in interstate commerce by virtue of her attendance at an out-of-state college.

---

ly. However, the Supreme Court of the United States reversed the Supreme Court of Ohio's decision in *Hyde* to hold that the Supremacy Clause barred Ohio from applying its tolling statute to pre-*Bendix* torts. *Reynoldsville Casket Co. v. Hyde* (1995), 514 U.S. 749, 115 S.Ct. 1745, 131 L.Ed.2d 820.

**6.** Although the language used by the Sixth District Court of Appeals in *Stutz* appeared to indicate that post-*Bendix,* the court would apply R.C. 2305.15 only in cases where the defendant absconded or concealed himself, the Sixth District has also decided cases (both before and after *Stutz)* either directly or indirectly on the basis of whether the defendant was engaged in interstate commerce. See *Crosby v. Beam* (1992), 83 Ohio App.3d 501, 615 N.E.2d 294; *Saba v. Mooney* (Dec. 30, 1993), Lucas App. No. L–93–203, unreported, 1993 WL 551524; *Spence v. Gohara* (Oct. 28, 1994), Lucas App. No. L–94–043, unreported, 1994 WL 590528.

After reviewing the variety of post-*Bendix* approaches to the application of R.C. 2305.15, we are most persuaded by the analysis used by the Second District Court of Appeals in *Hoagland.* The defendant in *Hoagland* had left the state for both vacation and business purposes. The court determined that under *Wetzel,* 41 Ohio St.2d 135, 70 O.O.2d 227, 323 N.E.2d 711, R.C. 2305.15 tolls the statute of limitations for Ohio residents during temporary, personal absences, such as vacations. The court did not raise the issue of whether the defendant was engaged in interstate commerce by virtue of the vacation.

The court also determined that the Commerce Clause was invoked by the defendant's out-of-state business trips and ruled that R.C. 2305.15 was unconstitutional as it applied to the time away during the business trips.[7] The court stated:

"We agree that R.C. 2305.15(A) is no longer necessary to ensure that plaintiffs are not prevented from bringing meritorious claims merely because the defendant was absent from the state during the applicable statute of limitations period. Moreover, we believe that the current literal interpretation of the statute, applied without any consideration of the original purpose of the statute, has become little more than a tool for dilatory plaintiffs. Given our increasingly mobile society, plaintiffs facing statute of limitations bars could gamble that the defendant had vacationed, shopped, or visited relatives outside the state of Ohio at some point during the statute of limitations period. After subjecting that defendant to deposition testimony, the plaintiff could discover that the defendant had, in fact, absented himself from the state long enough to extend the statute of limitations period. By this process, the defendant would be foreclosed from utilizing the statute of limitations as a defense despite the fact that his absence or absences from the state in no way effected [*sic* ] the plaintiffs ability to file suit in a timely manner. Clearly, this was not the result intended by the legislature in enacting R.C. 2305.15(A)." *Hoagland* at 2.

We agree with the criticism voiced by the Second District Court of Appeals, but we also believe that the instant case falls within the situation described therein.[8] Appellant's counsel began his search for the whereabouts and activities of appellee during the two-year period following the accident *only after* his own unsuccessful filing caused appellant's complaint to be filed two days after the statute of limitations had expired. Appellee at all times maintained his perma-

---

7. The court had little difficulty in determining that the defendant's business trips outside of the state of Ohio invoked the Commerce Clause and determining, therefore, that the application of R.C. 2305.15 in such an instance would be unconstitutional.

8. We also believe that the legislature ought to acknowledge the present ability to effect out-of-state service and revise the statute to reflect that absconding and/or attempting to conceal oneself should be the only reasons to extend the filing deadline.

nent residence in Ohio and was, in fact, present in Ohio from August 1993 to January 1995. There is no claim that appellee's vacation trips and attendance at an out-of-state college in any way prevented appellant from filing a timely claim.

Nevertheless, like the court in *Hoagland,* we determine that the literal interpretation of R.C. 2305.15 as expressed by the General Assembly and interpreted by the Supreme Court of Ohio in *Wetzel* extends the statute of limitations for the time appellant was out of state for vacation.

In accordance with *Hoagland,* we hold that appellee's vacation trips do not rise to the level of acts engaging in interstate commerce, and the statute's application does not invoke the Commerce Clause. Therefore, we hold that the six-to-nine-day period in which appellee was out of the state of Ohio for vacation purposes should toll the statute of limitations pursuant to R.C. 2305.15(A). Thus, appellant's complaint, filed January 13, 1995, was timely filed. Therefore, the trial court's dismissal of Count One of appellant's complaint was improper, and appellant's assignment of error on this point is well taken.

We decline, however, to address the trial court's ruling that appellant's attendance at an out-of-state college amounted to acts engaging in interstate commerce which thereby invoked the Commerce Clause, as the issue has been rendered moot by our decision regarding the time tolled for his out-of-state vacations. Similarly, appellant's argument that the trial court abused its discretion by prematurely dismissing Count One of appellant's complaint is rendered moot by our decision. See App.R. 12.

In light of the foregoing analysis, appellant's sole assignment of error is well taken. The judgment of the trial court dismissing count one of appellant's complaint is reversed, and the case is hereby remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

NADER and WILLIAM M. O'NEILL, JJ., concur.