PERMANENT GENERAL INSURANCE COS., INC. et al., Appellants,

v.

DRESSLER, Appellee.

[Cite as *Permanent Gen. Ins. Cos., Inc. v. Dressler* (1998), 130 Ohio App.3d 628.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–980088.

Decided Dec. 4, 1998.

*Kreiner & Peters Co., L.P.A.,* and *Paul M. Nalepka,* for appellants.

*Law Offices of Timothy M. Ruttle* and *Christine D. Tailer,* for appellee.

PAINTER, Judge.

Appellant Permanent General Insurance Companies, Inc., the insurer of appellant William D. Thomas, and Thomas (collectively referred to as Permanent General) filed a complaint against appellee Robert A. Dressler on June 17, 1996, for personal injuries and property damage resulting from an automobile accident on June 13, 1994. Dressler filed a motion to dismiss the complaint for failure to bring the claim within the two-year period of limitations set forth in R.C. 2305.10(A). Permanent General sought an extension of time to respond to the

motion, claiming that its response required the taking of Dressler's deposition. The trial court granted its motion.

Permanent General attached to its response portions of Dressler's deposition in which he testified that for the last five or six years he had vacationed in London, England, for five-week intervals. He also testified that he went to Kentucky for dinner every two weeks. Concluding that there were no material facts in dispute and that Dressler was entitled to judgment as a matter of law because the complaint was barred by the statute of limitations, the trial court granted Dressler's motion to dismiss.

■ Procedurally, the trial court appeared to treat the motion to dismiss as a summary-judgment motion. None of the parties contested the court's conversion of the motion, and all took the opportunity to provide or refer to materials outside the pleadings. Under the facts of this case, therefore, we conclude that the parties acquiesced in the conversion.[1]

Permanent General appeals and raises one assignment of error. It claims that the trial court erred in dismissing the complaint, because R.C. 2305.15(A) tolled the statute of limitations for the time Dressler was on vacation.[2]

R.C. 2305.15(A) states:

"When a cause of action accrues against a person, if he is out of the state, has absconded, or conceals himself, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, 1302.98, and 1304.35 of the Revised Code does not begin to run until he comes into the state or while he is so absconded or concealed. After the cause of action accrues if he departs from the state, absconds, or conceals himself, the time of his absence or concealment shall not be computed as any part of a period within which the action must be brought."

Prior to the United States Supreme Court's decision in *Bendix Autolite Corp. v. Midwesco Ent., Inc.*,[3] the Ohio Supreme Court had interpreted R.C. 2305.15(A) to mean that where a defendant temporarily left the state after a cause of action accrued against him, the statute of limitations was tolled for the time he was away.[4] In *Bendix*, the court found R.C. 2305.15 unconstitutional. The effect of R.C. 2305.15 was to force a foreign corporation to appoint a resident agent for service of process and, thus, to submit to the general jurisdiction of Ohio courts

---

1. See *Noonan v. Rogers* (1994), 97 Ohio App.3d 621, 647 N.E.2d 221.

2. We have removed this case from the accelerated calendar.

3. *Bendix Autolite Corp. v. Midwesco* (1988), 486 U.S. 888, 108 S.Ct. 2218, 100 L.Ed.2d 896.

4. *Wetzel v. Weyant* (1975), 41 Ohio St.2d 135, 70 O.O.2d 227, 323 N.E.2d 711.

or to forfeit the statute-of-limitations defense and remain subject to suit in Ohio in perpetuity.[5] The court determined that this rendered the statute violative of the Commerce Clause in that it imposed an unconstitutional burden on interstate commerce as applied to foreign corporations.

Appellate court decisions have been inconsistent as to how R.C. 2305.15 should be interpreted after *Bendix*. Some courts have concluded that R.C. 2305.15 is unconstitutional as it applies to defendants leaving the state for employment purposes.[6] Some courts have continued to apply a literal interpretation to the statute where no issue of interstate commerce is raised.[7]

■ This court, however, has concluded that R.C. 2305.15 cannot be used to toll the statute of limitations unless it is demonstrated that the defendant has absconded or concealed himself to avoid service of process.[8] We perceive the holding of *Bendix* has narrowly limited the application of R.C. 2305.15(A) so that the portion of the statute dealing with an out-of-state person is no longer constitutionally valid. The United States Supreme Court has determined that that portion of the statute imposes an impermissible burden on commerce. We believe the facts of this case underscore why that is so.

■ Dressler, a resident of Ohio, amenable to service, left the state to vacation. Surely the act of vacationing out of state implicates interstate commerce. An entire industry has grown around the simple act of leaving one's home for a short respite in another state or another country. States advertise to convince residents of other states to enjoy the amenities provided by the advertising state. The ultimate goal of the advertising state, of course, is to bring in out-of-state monies. Travelers spend money for the privilege of out-of-state vacations. Just as all courts have held that travel for employment purposes does not toll the statute of limitations because of interference with interstate commerce, we believe that travel for vacation purposes should not require Ohio residents to have to decide whether to forgo traveling for vacation purposes or to give up the statute-of-limitations defense.[9]

---

**5.** *Bendix, supra,* at 892–893, 108 S.Ct. at 2221, 100 L.Ed.2d at 902–904.

**6.** See *Gray v. Austin* (1992), 75 Ohio App.3d 96, 598 N.E.2d 893.

**7.** *Brown v. Lavery* (1993), 87 Ohio App.3d 745, 622 N.E.2d 1179; *Lovejoy v. Macek* (1997), 122 Ohio App.3d 558, 702 N.E.2d 457.

**8.** *Noonan v. Rogers, supra; Simpson v. Neidlinger* (Nov. 13, 1996), Hamilton App. No. C–950649, unreported, 1996 WL 656357. Accord *Stutz v. Grigsby* (May 14, 1993), Lucas App. No. L–92–335, unreported, 1993 WL 155644.

**9.** But, see, *Lovejoy v. Macek, supra; Hoagland v. Webb* (June 3, 1994), Montgomery App. No. 14024, unreported, 1994 WL 237504. To the extent these cases rely on *Wetzel v. Weyant, supra,* we note that that case is no longer good law in light of *Bendix*. See *Simpson v. Neidlinger, supra.*

We believe that a defendant should not be precluded from using the statute-of-limitations defense where his absences have not affected the plaintiff's ability to file an action against him in a timely manner.[10]  R.C. 2305.15 was not meant to reward a dilatory plaintiff by extending the time in which to file a complaint because a defendant vacationed out of state, enjoyed out-of-state restaurants, visited relatives out of state, or participated in a myriad of out-of-state activities.  The statute was meant to avoid the loss of a meritorious claim because a diligent plaintiff was prevented from timely bringing an action because a defendant absconded or concealed himself to avoid service of process.  There is nothing in the record to indicate Dressler had absconded or concealed his whereabouts.

Further, even if the portion of the statute dealing with out-of-state persons applied, there is nothing in the record to demonstrate that Dressler was out of state to avoid service of process.[11]  "If a defendant is amenable to service of process during that time period for R.C. 2305.15(A) purposes, that defendant is present in the state."[12]

Because Permanent General failed to demonstrate the grounds necessary to toll the statute of limitations, we overrule Permanent General's assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

SUNDERMANN, P.J., and GORMAN, J., concur.

---

10.  See *Tesar v. Hallas* (N.D.Ohio 1990), 738 F.Supp. 240.

11.  See *Jones v. St. Anthony Med. Ctr.* (Feb. 20, 1996), Franklin App. No. 95APE08–1014, unreported, 1996 WL 70997.

12.  *Id.*, citing *Thompson v. Horvath* (1967), 10 Ohio St.2d 247, 251, 39 O.O.2d 404, 406–407, 227 N.E.2d 225, 228.