OPINION
On January 26, 1998, Douglas Gallo filed a lawsuit against Denise Trakas and William Trakas. The lawsuit alleged that on January 24, 1996, Denise Trakas had negligently operated a motor vehicle, resulting in injury to Mr. Gallo. William Trakas was alleged to be the owner of the insurance policy covering the motor vehicle being driven by Denise Trakas.
After service of process, an answer was filed on behalf of Denise Trakas and William Trakas. The answer did not include an assertion of an affirmative defense regarding the statute of limitations. An amended answer asserting the defense was filed six days later.
On March 10, 1998, counsel for the Trakases filed a motion asking that the lawsuit be dismissed for failure to state a claim for relief. The motion asked that, in the alternative, summary judgment be granted in their favor. The motion asserted that the automobile collision had actually occurred on January 21, 1996 and that the statute of limitations set forth in R.C.2305.10 had run. The motion also asserted a separate theory as to why William Trakas was not liable for the injuries and damages.
Counsel for Mr. Gallo filed a motion requesting that he be allowed to continue discovery before the trial court would address the merits of the summary judgment motion. Specifically, counsel requested the opportunity to determine whether the statute of limitations had been tolled by R.C. 2305.15 due to any absence from the state of Ohio during the two-year period allowed by R.C. 2305.10.
Counsel for Mr. Gallo also filed a motion asking that the amended answer be stricken because leave of court had not been obtained prior to the amended answer being filed.
The trial court overruled the motion to strike but granted additional time for discovery. The trial court allowed counsel to respond to the motion for summary judgment on or before August 24, 1998. For reasons not apparent in the record, the memorandum contra the motion for summary judgment was ultimately filed October 6, 1998.
On October 28, 1998, counsel for the Trakases filed a response asserting that R.C. 2305.15 is unconstitutional as applied to Denise Trakas. Counsel relied upon Bendix AutoliteCorp. v. Midwesco Enterprises, Inc. (1988), 486 U.S. 888.
The trial court ultimately granted summary judgment, finding that the statute of limitations had run.
Douglas Gallo has now pursued a direct appeal, assigning a single error for our consideration:
 The trial court erred when it failed to rule that the statute of limitations was tolled during the vacation of the defendants. This error is found in the record at R.75 and R.76, the trial court's entry and decision granting summary judgment on March 16, 1999.
The record before us indicates that the collision which injured Mr. Gallo occurred on January 21, 1996. The lawsuit seeking recovery for his damages and injuries was filed on Monday, January 26, 1998. Denise Trakas had left the state for three days during the time between the collision and the date the lawsuit was filed. The Supreme Court of Ohio has clearly ruled that such absences from the state toll the statute of limitations. See Wetzel v. Weyant (1975), 41 Ohio St.2d 135.
The United States Supreme Court has ruled that the tolling provision, R.C. 2305.15(A), is unconstitutional as applied to a foreign corporation because the effect of R.C.2305.15(A) upon such a corporation is to prevent the statute of limitations from ever running as to such an entity. Since the corporation is permanently out of state, the statute of limitations is permanently tolled. Bendix.
We find that both the ruling and the rationale of theBendix case do not apply to the case filed by Douglas Gallo. The ruling does not find R.C. 2305.15(A) to be unconstitutional in all circumstances, only as applied to those circumstances where the effect of the statute is to permanently toll the statute of limitations. The statute can be viewed as a burden on interstate commerce when it makes foreign corporations permanently liable to being sued in the courts of Ohio. R.C.2305.15(A) does not burden interstate commerce when it extends a statute of limitations for a reasonable period of time due to a temporary absence of the party to be sued. Again, we do not view the Bendix case as affecting the constitutionality of R.C. 2305.15(A) in circumstances such as presented here.
Tolling the statute of limitations for three days would have extended the time for Mr. Gallo to file a lawsuit against Denise Trakas until Saturday, January 24, 1998. Since the last day to file the lawsuit was a Saturday, the lawsuit could be filed on the next business day — January 26, 1998. The lawsuit was in fact filed on that day, so the statute of limitations had not run as to Denise Trakas when the lawsuit was filed.
Nothing in the record before us demonstrates that the statute of limitations was tolled as to William Trakas. Therefore, the trial court was correct in granting summary judgment as to him.
As a result of the foregoing, the assignment of error is sustained as to Denise Trakas but overruled as to William Trakas. The judgment of the trial court is affirmed as to William Trakas, but reversed as to Denise Trakas. The cause is remanded for further proceedings in regard to Denise Trakas.
Judgment affirmed in part and reversed in partand cause remanded.
BOWMAN, P.J., and BRYANT, J., concur.