Thomas KUK and Sabina Kuk, Appellants,

v.

Janet NALLEY, Appellee.

No. S–12024.

Supreme Court of Alaska.

Sept. 7, 2007.

44. *Id.*

William Dennie Cook, Law Office of William D. Cook, PC, Eagle River, and Jahna Lindemuth, Dorsey & Whitney, LLP, Anchorage, for Appellants.

Kimberlee A. Colbo, Hughes Bauman Pfiffner Gorski & Seedorf, LLC, Anchorage, for Appellee.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

## OPINION

MATTHEWS, Justice.

A statute provides that when a defendant leaves the state her absence is not part of a limitations period. Does this statute apply when she is temporarily out of the state but amenable to service of process? We answer "no" because our case law establishes that the absence contemplated by the statute must obstruct or prevent a suit. This interpretation serves the policy of limitations statutes by providing a definite time and avoiding needless uncertainty.

### Facts and Proceedings

On November 17, 2002, motor vehicles driven by Janet Nalley and Thomas Kuk collided. Thomas, his wife, Sabina, and their children, Ryan and Laura, were injured in the accident. More than two years later, on November 30, 2004, Thomas and Sabina sued Nalley for personal injuries and property damage arising out of the accident. In the same suit Thomas also sued on behalf of the Kuks' children.

Nalley moved for summary judgment, arguing that the two-year statute of limitations applicable to tort claims for personal injury and property damage, AS 09.10.070, barred the claims of the adult Kuks.[1] The Kuks opposed the motion and filed a cross-motion on the same issue, arguing that under AS 09.10.130 the statute of limitations should be extended for the period of time that Nalley was absent from the state during the limitations period.

The superior court granted Nalley's motion for summary judgment and denied the cross-motion of the Kuks.[2] A final judgment

---

1. Nalley did not seek summary judgment against the claims of the children. Under the minor tolling provisions of AS 09.10.140 the children's claims are not time-barred.

2. The children's claims were dismissed without prejudice by stipulation.

was then entered in accordance with the court's summary judgment order in favor of Nalley and against Thomas and Sabina Kuk. From this judgment the Kuks have appealed.

### Introductory Discussion

■ As this case is presented, there are no genuine issues of material fact. We therefore review the superior court's grant of summary judgment nondeferentially in order to determine whether Nalley was entitled to judgment as a matter of law.[3]

■ The Kuks point to the fact that Nalley was outside of Alaska for health and surgery reasons from November 2003 to June 2004. They argue that this period of absence should be excluded from the two-year statute of limitations under the absent-from-the state tolling provision contained in AS 09.10.130.[4] Nalley argues that our decision in *Byrne v. Ogle*[5] held that the absence tolling provision in AS 09.10.130 does not apply where substituted service is available

under AS 09.05.020(a)[6] and AS 09.05.040[7] and that substituted service on her was available during her absence.

The Kuks seek to distinguish *Byrne*. They argue that *Byrne* held that the absence tolling provision does not apply only when statutory substituted service under AS 09.05.020 and .040 is available. They contend that substituted service was not available because even though Nalley had temporarily "departed" from the state for purposes of the tolling statute she had not "moved" from the state within the meaning of the substituted-service statute. Therefore Nalley was not a nonresident—as required under section .020—and she was not a person "who has moved to another state after the accident"— as required under section .040. They argue that since *Byrne* does not apply, the case is controlled by the plain language of the second sentence of AS 09.10.130: "If a person departs from the state ... the time of absence ... is not part of the time limited for

3. *Zok v. Collins*, 18 P.3d 39, 41 (Alaska 2001).

4. AS 09.10.130 provides:
   When the cause of action accrues against a person who is out of the state or concealed in the state, the action may be commenced within the periods provided in this chapter after that person returns to the state or when the concealment ceases. *If a person departs from the state or conceals one's person after the cause of action accrues, the time of absence or concealment is not part of the time limited for the commencement of the action.*
   (Emphasis added.)

5. 488 P.2d 716 (Alaska 1971).

6. AS 09.05.020 provides:
   (a) The operation of a motor vehicle by a nonresident, or owned by a nonresident and operated by the express or implied consent of the owner, in the state is considered equivalent to an appointment of the commissioner of administration by the nonresident as the nonresident's attorney. The summons may be served on the commissioner in an action against the nonresident growing out of an accident or collision in which the vehicle is involved while being so operated. This operation is considered a signification of the nonresident's agreement that a summons against the nonresident which is so served has the same legal force as if served on the nonresident personally in the state.
   (b) Service of the summons is made by leaving a copy of it with the commissioner of

administration or the designee of the commissioner. The commissioner or a designee shall keep a record of each such process and the day and hour of service. This service is sufficient service on the nonresident.
   (c) The plaintiff or the plaintiff's attorney shall send a notice of the service and a copy of the summons to the defendant by registered mail within 10 days after the date of service.
   (d) The plaintiff or the plaintiff's attorney shall make an affidavit showing that service of the notice and summons on the defendant has been made by registered mail as provided in (c) of this section. The affiant shall attach to the affidavit a copy of the summons and notice so served and the registry receipt of the defendant. The affiant shall file the affidavit and attached papers with the court having jurisdiction of the cause.
   (e) The court in which the action is pending may order an extension of time necessary to give the defendant reasonable opportunity to defend the action.

7. AS 09.05.040 provides:
   *A resident* who has operated a motor vehicle, or has owned a motor vehicle operated with the express or implied consent of the owner that has been involved in an accident or collision on a public highway, and *who has moved to another state* after the accident or collision shall be treated as a nonresident for service of process as provided under AS 09.05.020 and 09.05.030.
   (Emphasis added.)

the commencement of the action." Therefore the time of Nalley's absence should not be counted in computing the two-year limitations period. The Kuks also contend that the tolling provision does not require a showing that a plaintiff is actually unable to effect service on an absent defendant, but instead that "[t]he statute correctly presumes that a seven-month absence seriously decreases the Kuks' ability to prove their cause of action and effectuate commencement of an action against Ms. Nalley."

We do not find it necessary to resolve the question whether the "moved to" language of AS 09.05.040 applies to any departure from the state. Instead, we affirm on the basis that the reasoning in *Byrne* is not limited to the substituted-service statute, but also applies to extraterritorial service under the Civil Rules authorized by the long-arm statute, AS 09.05.015. Our reasons follow.

### Byrne v. Ogle

Alaska Statute 09.10.130 has not been changed since it was first adopted by the state legislature in 1962. Similar provisions existed in the statutes governing the Territory of Alaska and the pre-territorial District of Alaska.[8] Numerous other states also have statutes with similar tolling provisions.[9]

This court addressed the continuing relevance of the absence tolling statute in *Byrne*. The defendant, Ogle, was in an automobile accident in Alaska.[10] The United States Army rotated him out of the state before the two-year statute of limitations ran, but he remained amenable to service under the statutory substituted-service provisions of AS 09.05.020 and AS 09.05.040.[11] We held that the tolling statute and the substituted-service statute must be examined together in order to determine the true meaning of the tolling statute:

It is conceded that if the tolling statute is examined in isolation, while ignoring all other considerations, it might be read as indicating that where a defendant departs from the state after a cause of action accrues, the time he is absent should not be considered as part of the period of limitation. However, in order to give a statute its true meaning, it must be examined in conjunction with other statutes bearing upon the problem being considered.[12]

We noted that under the substituted-service statute the plaintiff was able to serve the defendant notwithstanding his absence from the state.[13] Because the defendant's absence was thus irrelevant to the ability of the plaintiff to commence and maintain a suit, we concluded that applying the tolling statute was neither necessary nor justifiable:

The right of the plaintiff to commence his action and obtain a judgment, being complete and unaffected by the defendant's absence, it is not necessary or justifiable to extend AS 09.10.130 to cover this situation in which the appellee was personally absent, but at all times subject to substituted service upon the Commissioner of Revenue. To ignore this fact and give a broader application to the tolling statute would lead to undesirable results inconsistent with the purposes of statutes dealing with periods of limitation.

. . . .

8. Provisions tolling the statute of limitations during the defendant's absence from the jurisdiction originated in England. *Alaska Credit Bureau of Juneau v. Fenner*, 80 F.Supp. 7, 8 (D.Alaska Terr.1948) (citing chap. 16, § 19 of the Statute of Anne). The United States Congress adopted the statute for Alaska in 1900. § 15, pt. IV, Carter's Annotated Alaska Code (1900). It was based on a similar Oregon statute that was enacted in 1862. *Id.* This statute remained essentially unchanged until statehood. § 847 Compiled Laws Annotated (CLA) (1913); § 3365 CLA (1933); § 55-2-14 Alaska Compiled Laws Annotated (1949).

9. *E.g.*, Cal.Civ.Proc.Code § 351; Idaho Code Ann. § 5–229; Me.Rev.Stat. Ann. tit. 14, § 866; Miss

Code Ann. § 15–1–63; Mo. Ann. Stat. § 516.200; Neb Rev.Stat. § 25–214; Ohio Rev.Code Ann. § 2305.15(A); Or.Rev.Stat. Ann. § 12.150; S.C.Code Ann. § 15–3–30; S.D. Codified Laws § 15–2–20; Tenn.Code Ann § 28–1–111; Tex. Civ. Prac. & Rem.Code Ann. § 16.063; Utah Code Ann. § 78–12–35; Wash. Rev.Code Ann. § 4.16.180; Wyo. Stat. Ann. § 1–3–116.

10. 488 P.2d at 716.

11. *Id.* at 716–17.

12. *Id.* at 717.

13. *Id.* at 718.

To apply the tolling statute to a situation where the defendant is at all times amenable to service is repugnant to the general purposes of statutes of limitations. The policy of the law is to allow a reasonable but definitely limited time for the bringing of an action after which the matter is put to rest.[14]

We also emphasized the purpose of the tolling statute:

It is the apparent purpose of the tolling statute to prevent a plaintiff's being deprived of an opportunity to prove his cause of action by the defendant absenting himself from the jurisdiction for the duration of the period of limitation. The tolling statute preserves the plaintiff's cause of action until service has been made available and practical, by the defendant's presence in the state, for a time equal to the total period of limitation.

The essence of the difficulty sought to be remedied by the suspensory statute is not mere personal absence of the defendant, but such unavailability as will defeat the power of a plaintiff to effectuate commencement of his action.[15]

As this language suggests, the premise of the tolling statute is that a defendant's personal absence from the jurisdiction makes service on the defendant either impossible or difficult and this makes commencement or maintenance of a suit against the defendant likewise impossible or difficult.

This premise was once valid. But the shift in personal jurisdiction jurisprudence effectuated by *International Shoe Co. v. Washington*[16] and its progeny have made the premise of the statute no longer valid in most cases. *International Shoe* signaled the end of the requirement that a person must be within the territorial jurisdiction of a court in order for that court to have jurisdiction.[17] Instead, the *International Shoe* Court held that due process only requires that a defendant "have certain minimum contacts with [a state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."[18]

■ *International Shoe* prompted the promulgation of numerous statutes and rules authorizing suits against out-of-state defendants and facilitating service of process on them. One example of such a statute is the substituted-service statute under which service was made in *Byrne*. This was enacted in 1960.[19] Another statute reflecting the *International Shoe* changes is Alaska's long-arm statute, codified as AS 09.05.015. This was enacted in 1968.[20] It sets out circumstances, including types of contacts with Alaska, under which personal jurisdiction may be exercised over defendants. The long-arm statute defines personal jurisdiction comprehensively, though not exclusively.[21] It includes cases where both resident and nonresident defendants are alleged to have acted in a manner giving rise to liability in the state. Personal service under the statute is to be accomplished "according to the rules

14. *Id.*

15. *Id.* at 717–18 (citations omitted).

16. 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

17. *Id.* at 316, 66 S.Ct. 154.

18. *Id.* (quotations omitted). To quote more fully:

　Historically the jurisdiction of courts to render judgment in personam is grounded on their de facto power over the defendant's person. Hence his presence within the territorial jurisdiction of court was prerequisite to its rendition of a judgment personally binding him. *Pennoyer v. Neff*, 95 U.S. 714, 733, 24 L.Ed. 565 [(1877)]. But now that the capias ad respondendum has given way to personal

service of summons or other form of notice, due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.

*Id.* (quotations omitted).

19. Ch. 16, § 1, SLA 1960.

20. Ch. 87, § 1, SLA 1968.

21. The intended reach of the long-arm statute is as broad as is permitted under the due process clause of the Fourteenth Amendment. *Alaska Telecom, Inc. v. Schafer*, 888 P.2d 1296, 1299 (Alaska 1995).

of civil procedure."[22]

At the time of the enactment of the long-arm statute, Rule 4 of the Alaska Civil Rules provided that a person outside the state could be served "in the same manner as if service were made within the state, except that service shall be made by a sheriff, constable, bailiff, peace officer or other officer having like authority in the jurisdiction where service is made."[23] Rule 4 also provided for service by publication upon a showing of diligent inquiry as to an absent party's whereabouts.[24] By 1977 a person out of the state could be served by registered or certified mail with return receipt requested.[25]

Although the service of process in *Byrne* was accomplished under the substituted-service provisions of AS 09.05.020 and .040, the same analysis employed in *Byrne* applies where personal jurisdiction is available under the long-arm statute. Just as the substituted-service statute had to be considered in conjunction with the tolling statute when interpreting the latter so, logically, must other statutes that have the effect of authorizing service on absent defendants. As we have seen, AS 09.05.015, by authorizing service according to the Civil Rules, authorizes service on absent defendants. It applies to this case because AS 09.05.015(a)(3) provides for jurisdiction in an action claiming injury to person and property in the state arising out

of an act or omission in the state by a defendant.[26] Based on the long-arm statute and the means of service available under our Civil Rules, it is evident that Nalley was at all times amenable to service of process. We conclude therefore that the reasoning of the *Byrne* decision applies to this case.

**Precedent in Other Jurisdictions**

Our holding is supported by decisions of courts of a number of other jurisdictions. A good recent example is *Shin v. McLaughlin*.[27] In *Shin* the Hawaii Supreme Court held that Hawaii's similar absence-from-the-state tolling provision did not apply to a motorist who left the state after an automobile accident.[28] Under Hawaii's long-arm statute motor vehicle operators who are no longer in the state are amenable to extraterritorial service either personally or by certified or registered mail.[29] The Hawaii court reasoned that the term "out of state" in the tolling statute should be construed to refer only to defendants who cannot be served with process.[30] In reaching this conclusion the court reviewed the decisions of other jurisdictions, including Alaska:

> In *Meyer v. Paschal,* [330 S.C. 175,] 498 S.E.2d 635 (S.C.1998), the South Carolina Supreme Court construed a similar tolling statute. . . .

---

**22.** AS 09.05.015(a).

**23.** This language was originally in Civil Rule 4(e)(2). Alaska Supreme Court Order No. 49 (January 1, 1963). In 1979 the language was moved to Civil Rule 4(d)(12), where it still resides. Alaska Supreme Court Order No. 357 (June 30, 1979).

**24.** The original provision discussing service by publication was promulgated as Rule 4(e)(3) in 1963. Alaska Supreme Court Order No. 49 (January 1, 1963). It was moved to its current location, Rule 4(e)(2), in 1979. Alaska Supreme Court Order No. 357 (June 30, 1979). Service by publication requires, in addition to newspaper publication, that the summons and complaint be sent to the last known address of the absent party by registered or certified mail unless a showing is made that the last known address of the absent party is unknown and cannot be ascertained after inquiry. Alaska R. Civ. P. 4(e)(2).

**25.** At the time of the enactment of the long-arm statute Rule 4(h) provided for service of process by registered or certified mail with return receipt

requested, but this applied only to mail within the state. Alaska Supreme Court Order No. 90 (July 24, 1967). Rule 4(h) was amended in 1977 to allow for service by registered or certified mail anywhere in the United States. Alaska Supreme Court Order No. 266 (March 31, 1977).

**26.** AS 09.05.015(a)(3) provides:

> A court of this state having jurisdiction over the subject matter has jurisdiction over a person served in an action according to the rules of civil procedure
>
> . . .
>
> (3) in an action claiming injury to person or property in or out of this state arising out of an act or omission in this state by the defendant[.]

**27.** 89 Hawai'i 1, 967 P.2d 1059 (1998).

**28.** *Id.* at 1060, 1061.

**29.** *Id.* at 1064.

**30.** *Id.*

The *Meyer* court explained that "South Carolina enacted this tolling provision in 1870 in order to protect its residents from defendants who were not amenable to personal service of process because the defendants were out of the State." *Id.* at 637 (footnote omitted). The court further stated that "[b]ecause the tolling statute was enacted during a period of history when the ability to obtain personal jurisdiction over an out-of-state defendant was severely limited by the due process clause, this statute served the important purpose of preventing the statute of limitations from expiring on valid claims when the defendant was out-of-state and personal jurisdiction was not possible." *Id. See also Byrne v. Ogle*, 488 P.2d 716, 717–18 (Alaska 1971) ("The tolling statute preserves the plaintiff's cause of action until service has been made available and practical, by the defendant's presence in the state, for a time equal to the total period of limitation."); *Selby v. Karman*, [110 Ariz. 522,] 521 P.2d 609 (Ariz.1974) (stating that the clear purpose of the absentee tolling statutes is "to prevent a defendant from defeating plaintiff's claim by absenting himself from the state"); *Lipe v. Javelin Tire Co. Inc.*, [96 Idaho 723,] 536 P.2d 291, 294 (Idaho 1975) (believing the purpose of the tolling statute is "to prevent the running of the statute of limitations during the time that a defendant was unavailable for service of process because he was absent from the state").

Consistent with these purposes, other courts have interpreted the term "absent" or "out of the state" to mean "a defendant who is beyond personal jurisdiction and process of the court and not simply a defendant who is physically absent from the state." *Meyer*, 498 S.E.2d at 639; *Byrne*, 488 P.2d at 718 (construing a similar statute as "not mere personal absence of the defendant, but such unavailability as will defeat the power of a plaintiff to effectuate commencement of his action"); *Phillips v. Anchor Hocking Glass Corp.*, [100 Ariz. 251,] 413 P.2d 732 (Ariz.1966) ("without the state" or "absent" means that defendant cannot be served with process), *overruled on other grounds by Northern Propane Gas Co. v. Kipps*, [127 Ariz. 522,] 622 P.2d 469 (Ariz.1981); *Peters v. Tuell Dairy Co.*, [250 Ala. 600,] 35 So.2d 344 (Ala.1948) (absence from the state means that the state does not have jurisdiction over the person).[31]

There is also contrary authority that applies similar tolling provisions to defendants despite the fact that they may be served extraterritorially.[32] We have expressed our disagreement with this line of cases in *Byrne*[33] and see no reason to change our view.

**Policy Considerations**

We believe that the plain language approach advocated by the appellants would introduce a needless level of uncertainty into the application of statutes of limitations. Before a court could decide whether a statute has run, there would have to be a preliminary adjudication as to the number of days that a defendant has been outside the state.

Even this is an oversimplification because under *Bendix Autolite Corp. v. Midwesco Enterprises, Inc.*[34] and its progeny absences for purposes of interstate commerce may not constitutionally stop the running of a period of limitations. In *Bendix*, an out-of-state corporation was subject to jurisdiction in Ohio under the state's long-arm statute.[35] If the tolling statute applied, the corporation

---

**31.** *Id.* at 1062–63.

**32.** *E.g., Dew v. Appleberry*, 23 Cal.3d 630, 153 Cal.Rptr. 219, 591 P.2d 509 (1979); *Couts v. Rose*, 152 Ohio St. 458, 90 N.E.2d 139 (1950); *Vaughn v. Deitz*, 430 S.W.2d 487 (Texas 1968); *Olseth v. Larson*, 158 P.3d 532 (Utah 2007).

**33.** 488 P.2d at 717:

Appellant asserts that to permit the availability of a statutory agent for service of process to avoid the suspension of the statute of limitations is to impliedly amend the tolling statute by the addition of a limitation not expressed. Some of the cases adopting the minority viewpoint have so held. We cannot agree with their analysis.

*Id.* (citations omitted).

**34.** 486 U.S. 888, 108 S.Ct. 2218, 100 L.Ed.2d 896 (1988).

**35.** *Id.* at 894, 108 S.Ct. 2218.

would be denied the defense of the statute of limitations,[36] whereas Ohio companies could rely on the defense. The Court held that this discriminatory treatment amounted to an unreasonable burden on commerce.[37] While *Bendix* dealt specifically with the case of a non-resident corporation doing business in the state, courts following *Bendix* have held that absent-from-the-state tolling provisions may not constitutionally be applied to individuals engaged in interstate commerce.[38] *Bendix* thus complicates the application of absence tolling statutes to residents such as Nalley who leave the state because the reasons for their absence must be inquired into. The tolling statute may not exclude days of absence for reasons related to interstate commerce, even if it does exclude days where the defendant is absent for other reasons.[39]

A further complicating factor is that there is considerable uncertainty as to what constitutes the pursuit of interstate commerce for purposes of the *Bendix* test.[40]

The uncertainty engendered by the statutory construction advocated by appellants would be antithetical to the purpose of statutes of limitations. As we stated in *Byrne:* "The policy of the law is to allow a reasonable but definitely limited time for the bringing of an action after which the matter is put to rest."[41] Here, as in *Byrne*, "to apply the tolling statute to a situation where the defendant is at all times amenable to service is repugnant to the[se] general purposes."[42]

## Conclusion

■ For the above reasons we hold that when a person is out of the state and is at all

36. *Id.* at 891–92, 108 S.Ct. 2218.

37. *Id.* at 891, 108 S.Ct. 2218.

38. *See, e.g., Rademeyer v. Farris*, 284 F.3d 833, 838–39 (8th Cir.2002) (holding that a Missouri tolling statute was unconstitutional under the commerce clause in the situation where a resident defendant moved out of state); *Abramson v. Brownstein*, 897 F.2d 389, 392 (9th Cir.1990) (holding that California's tolling statute could not constitutionally be applied to a non-resident entering into a sales transaction with a resident since the non-resident was "engaged in interstate commerce"); *Tesar v. Hallas*, 738 F.Supp. 240, 241–42 (N.D.Ohio 1990) (holding that the Ohio tolling statute could not be constitutionally applied to a person who had moved out of Ohio to take a job in Pennsylvania since "interstate commerce is affected when persons move between states in the course of or in search for employment"); *McFadden v. Battifora*, 2004 WL 103353, at *4 (Cal.App.2004) (holding that because "Dr. Medeiros, a former California resident, moved to Texas to take a new job in 1998, thereby engaging in interstate commerce" the tolling statute could not be applied under *Bendix* ).

39. An illustrative case is *Filet Menu, Inc. v. Cheng*, 71 Cal.App.4th 1276, 84 Cal.Rptr.2d 384 (1999). Cheng was a California resident sued for breach of contract ·in California more than five years after the date of the apparent breach. *Id.* at 385. The plaintiff claimed that Cheng had been out of the state for a sufficient time after the breach of contract to prevent the four-year statute of limitations from having run. *Id.* at 386. The court recognized that the tolling provision could not constitutionally be applied to any travel by Cheng related to interstate commerce and that a remand was necessary to determine the

specific reasons for Cheng's out-of-state travel. *Id.* at 388–89.

40. This question was much litigated in the intermediate courts of Ohio. *Compare Permanent Gen. Ins. Cos. v. Dressler*, 130 Ohio App.3d 628, 720 N.E.2d 959, 961 (1998) ("Dressler, a resident of Ohio, amenable to service, left the state to vacation. Surely the act of vacationing out of state implicates interstate commerce. An entire industry has grown around the simple act of leaving one's home for a short respite in another state or another country.") *with Lovejoy v. Macek*, 122 Ohio App.3d 558, 702 N.E.2d 457, 462 (1997) (holding six-to-nine-day absence from Ohio for vacation purposes does not rise to the level of an act engaging in interstate commerce, mooting question of whether absence to attend college is interstate commerce). The Ohio Supreme Court in *Johnson v. Rhodes* resolved the question in Ohio as to whether applying the tolling statute to a resident who takes a short out-of-state vacation constitutes an impermissible burden on commerce. 89 Ohio St.3d 540, 733 N.E.2d 1132, 1134 (2000). The court answered this question in the negative, ruling that the tolling statute may constitutionally be applied to a resident "who temporarily leaves the state of Ohio for non-business reasons." *Id.* ·at 1134. But many questions remain as to what conduct falls within *Bendix*, both in Ohio and elsewhere, in jurisdictions that have adopted a "plain language" approach to their tolling statutes. In the present case, it is unclear whether Nalley was engaged in interstate commerce when she was "outside the State of Alaska for health and surgery reasons."

41. 488 P.2d at 718.

42. *Id.*

times amenable to service of process, the absence provisions of AS 09.10.130 do not apply.[43] The judgment is AFFIRMED.

---

43. As this case does not involve the concealment of a defendant, this opinion should not be construed to apply to cases of concealment under AS 09.10.130.