**Gerald T. TESAR, Plaintiff,**

v.

**Clark HALLAS, Defendant.**

**Civ. A. No. 1:89CV1145.**

United States District Court,
N.D. Ohio, E.D.

March 30, 1990.

Carol N. Siskovic, Robert L. Steely, Cleveland, Ohio, for plaintiff.

Michael Kevin Farrell, David L. Marburger, James P. Garner, Baker & Hostetler, Cleveland, Ohio, for defendant.

MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

Gerald T. Tesar, an Ohio resident, brings this defamation action against Clark Hallas, a resident of Pennsylvania. The Court has jurisdiction pursuant to 28 U.S.C. § 1332. Pending is Hallas' motion for judgment on the pleadings on the ground that the suit was untimely filed. For the reasons that follow, the Court grants the motion, and dismisses Tesar's complaint.

I.

According to Tesar's complaint, Hallas was employed as a reporter for the Cleveland Plain Dealer, in which capacity Hallas authored an article entitled "Police find car bargains at tow lots," which appeared in the February 22, 1987 edition of the paper. Tesar asserts that this article contained a false and defamatory statement about Tesar, who at the time was a Cleveland police detective. In September, 1987, Hallas left his employment with the Plain Dealer and took a new job as a reporter with the Pittsburgh Press, in Pittsburgh, Pennsylvania.

On May 16, 1989, more than two years after the article was published, Tesar brought this action in the Cuyahoga County Court of Common Pleas, claiming that Hallas' article defamed him. It appears that the complaint was served on Hallas at the address of the Pittsburgh Press. Hallas timely removed this action to this Court pursuant to 28 U.S.C. § 1441. Libel actions are governed by a one year statute of limitations in Ohio. O.R.C. § 2305.11. Tesar claims that the suit is timely because,

under O.R.C. § 2305.15(A), the statute of limitations was tolled when Hallas left Ohio. Hallas moves for dismissal on the ground that the tolling statute is unconstitutional as applied to him, and the action therefore is time-barred.

## II.

Hallas' statute of limitations argument contests the Court's jurisdiction. This defense is addressed by Federal Rule of Civil Procedure 12(b)(1). On a Rule 12(b)(1) motion to dismiss, the allegations of the complaint must be taken as true and construed in a light most favorable to the plaintiff. *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir.1983), *cert. denied*, 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir.1976). The complaint is only to be dismissed if the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). However, the Court need not accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 2944, 92 L.Ed.2d 209 (1986).

## III.

The article complained of is alleged to have been printed in February of 1987. Because this action was not filed until May of 1989, more than two years later, it is barred by the one year statute of limitations contained in O.R.C. § 2305.11 unless Hallas' September, 1987 departure from the state tolled that statute. Section 2305.-15(A) of the Ohio Revised Code provides:

When a cause of action accrues against a person, if he is out of the state, has absconded, or conceals himself, the period of limitation for the commencement of the action ... does not begin to run until he comes into the state or while he is so absconded or concealed. After the cause of action accrues if he departs from the state, absconds, or conceals himself, the time of his absence or concealment shall not be computed as any part of a period within which the action must be brought.

Under the terms of this statute, the limitations period will not expire on Tesar's defamation claim until such time, if ever, as Hallas returns to Ohio and spends a year and a half in the state.

Hallas asserts that the "out of the state" portion of this statute is invalid because it burdens (1) interstate commerce in violation of the commerce clause, United States Constitution, art. I, § 8, ¶ 3; and (2) his right to travel, as protected by the due process clause of the fourteenth amendment. He bases his commerce clause argument on the United States Supreme Court's recent invalidation of Ohio Revised Code § 2305.15 as a toll of statutes of limitations for foreign corporations that have not consented to personal jurisdiction in Ohio by registering an agent for receipt of service of process. *Bendix Autolite Corp. v. Midwesco Enterprises*, 486 U.S. 888, 108 S.Ct. 2218, 100 L.Ed.2d 896 (1988) held:

Although statute of limitations defenses are not a fundamental right, it is obvious that they are an integral part of the legal system and are relied upon to project the liabilities of persons and corporations active in the commercial sphere. The State may not withdraw such defenses on conditions repugnant to the Commerce Clause. Where a State denies ordinary legal defenses or like privileges to out-of-state persons or corporations engaged in commerce, the State law will be reviewed under the Commerce Clause to determine whether the denial is discriminatory on its face or an impermissible burden on commerce. The State may not condition the exercise of the defense on the waiver or relinquishment of rights that the foreign corporation would otherwise retain.

*Id.* at 891–895, 108 S.Ct. at 2221–22 (citations omitted).

If the events in question here involve an "out-of-state person[ ] ... engaged in commerce," *id.*, then this Court must undertake an analysis like the one set forth in *Bendix*, i.e., it must inquire whether O.R.C. § 2305.15 "is discriminatory on its face or an impermissible burden on commerce." *Id.* The threshold question is whether Hal-

las can be deemed, in commerce clause terms, to be or to have been "engaged in commerce." Unlike the corporation in *Bendix*, Hallas is not alleged to have been engaged in a business causing him frequently to ship goods or to travel himself interstate. Instead, the complaint simply states that he lived and worked in Cleveland for the Plain Dealer, and then he moved to Pennsylvania and began a new job there.

The United States Supreme Court addressed this issue two and a half score years ago, and held that "the movement of persons falls within ... the Commerce Clause." *Edwards v. California*, 314 U.S. 160, 172, 62 S.Ct. 164, 166, 86 L.Ed. 119 (1941). Courts since then have followed suit, holding that interstate commerce is affected when persons move between states in the course of or in search for employment. *United States v. Capo*, 791 F.2d 1054, 1067 (2nd Cir.1986); *United States v. Hanigan*, 681 F.2d 1127, 1130 (9th Cir.1982), *cert. den.*, 459 U.S. 1203, 103 S.Ct. 1189, 75 L.Ed.2d 435 (1983); *Service Machine & Shipbuilding Corp. v. Edwards*, 617 F.2d 70, 72–73 (5th Cir.1981), *aff'd.*, 449 U.S. 913, 101 S.Ct. 310, 66 L.Ed.2d 142 (1982); *Anderson v. Mullaney*, 191 F.2d 123 (9th Cir.1951); *Wallace v. Town of Palm Beach*, 624 F.Supp. 864 (1985); *District No. 1, Pacific Coast District, M.E.B.A. v. Ward*, 505 F.Supp. 98, 1010 (D.Wash.1981).

The ability of businesses to recruit out-of-state personnel will be adversely affected if these potential employees must forfeit statute of limitations protection. Following *Bendix*'s holding that requiring foreign corporations to submit to the general jurisdiction of Ohio courts "is an unreasonable burden on commerce," it seems plainly "unreasonable" for persons who have committed acts they know might be considered tortious to be held hostage until the applicable limitations period expires. Persons in that position, or businesses desirous of hiring them, would be burdened to a greater degree than *Bendix*'s foreign corporations, because Ohio has no procedure that permits a person who wishes to move out-of-state to register with the state for service purposes.

In addition, the fact that the act complained of here was done as part of Hallas' employment indicates even greater burdens and potential burdens on interstate business. To the extent that an employer, such as the Plain Dealer, remains potentially liable for indemnity as long as an employee like Hallas remains subject to suit, that employer is adversely affected. To the extent that a prospective employer has to offer indemnification in order to recruit an out-of-state candidate who will forfeit statute of limitations protection by moving, such recruitment becomes more expensive. The Court therefore concludes that interstate business is sufficiently affected by the portion of Ohio's savings statute at issue here to implicate the commerce clause.

Accordingly, the Court next inquires whether this statute "is discriminatory on its face or an impermissible burden on commerce." In *Bendix*, the Court determined that the statute burdened commerce in that foreign corporations had to forfeit their right of immunity with respect to suits for which Ohio courts lacked personal jurisdiction over them, in order to enjoy protection of statutes of limitations. The *Bendix* Court then found that burden unjustified because, although service of process may in some cases be more "arduous" with respect to out-of-state defendants, "it [was] conceded by all parties that the Ohio long arm statute would have permitted service on [the defendant] throughout the period of limitations." *Id.* 108 S.Ct. at 2222. The indefinite tolling effected by O.R.C. § 2307.381 thus constituted "an unreasonable burden on commerce." *Id.*

Here, as noted above, the prospective individual defendant has an even more draconian choice to make than that presented to the foreign corporation in *Bendix*. There being no mechanism by which he could register with the state for service purposes, Hallas would have had to choose between traveling out-of-state and enjoying

the protection of the statute of limitations.[1] He would have had to forego the position in Pittsburgh, or at least delay it substantially. On the other hand, again like in *Bendix*, Tesar would have had no trouble obtaining personal jurisdiction over Hallas via Ohio's long arm statute; O.R.C. § 2307.38.2(3) provides for jurisdiction over one alleged to have caused tortious injury in the state. With respect to the personal jurisdiction argument, Tesar has not presented, and the Court does not find, a persuasive basis for distinguishing *Bendix* from the case at hand.

Moreover, Tesar is also utterly unpersuasive when he complains that the savings statute is essential to protect people in Ohio from those who would cause injury and then flee "and ... not make [their] whereabouts known." Tesar's opposition, at 5. First of all, it should be obvious that the complaint does not present such facts. Second, as quoted above, the statute plainly provides separately for persons who "abscond" or "conceal themselves."

Tesar's complaint contains no explanation for his failure to prosecute his claim in a timely manner. This case, like *Bendix*, suggests no purpose for the automatic toll that is not satisfied either by the long arm statute or the "absconding" or "concealing" provision. Thus, without disturbing the portions of the statute tolling limitations periods for persons who "abscond" or "conceal" themselves, the Court finds that the portion of O.R.C. § 2305.15 which causes automatic tolling for out-of-state persons, over whom the Ohio courts would have personal jurisdiction and who are not alleged to have fled or concealed their location, is not justified. *Accord Bendix*, 108 S.Ct. at 2224 (Scalia, J., concurring) ("A tolling statute that operated only against persons beyond the reach of Ohio's long-arm statute, or against all persons that could not be found for mail service, would be narrowly tailored to advance the legit-

imate purpose of preserving claims; but the present statute extends the time for suit even against corporations which (like appellee) are fully suable within Ohio, and readily reachable through the mails.")

Hallas also challenges the tolling statute on the ground that it burdens his right to travel freely from state to state, as protected by the fourteenth amendment due process clause. Having found the statute unconstitutional as applied to Hallas on commerce clause grounds, the Court need not reach the due process clause argument.

### IV.

The Court grants Hallas' motion, and dismisses Tesar's complaint, with prejudice.

IT IS SO ORDERED.

---

1. This is commerce clause analysis, not due process analysis; it is triggered not because the right to travel is burdened, but because interstate commerce is affected. *Cf. G.D. Searle & Co. v. Cohn*, 455 U.S. 404, 102 S.Ct. 1137, 71 L.Ed.2d 250 (1982) (rejecting equal protection challenge to New Jersey's savings clause for out-of-state corporate defendants) (cited in *Bendix*, 108 S.Ct. at 2222); *Vostack v. Axt*, 510 F.Supp. 217 (S.D.Ohio 1981) (rejecting equal protection challenge to application of savings clause to individual out-of-state defendant).