GRAY, Appellant,

v.

AUSTIN et al., Appellees.

[Cite as *Gray v. Austin* (1992), 75 Ohio App.3d 96.]

Court of Appeals of Ohio,
Montgomery County.

No. 12636.

Decided Jan. 27, 1992.

*James D. Dietz,* for appellant.

*Richard Austin, pro se.*

*Nwabueze V. Okocha,* for appellees Alvarene N. Owens, Taylor Jones, Jr., and Austin, Jones, Littlejohn & Owens Co., L.P.A.

*Bill C. Littlejohn, pro se.*

GRADY, Judge.

Plaintiff, Arthur Gray, filed a complaint against defendant Richard Austin and others, alleging legal malpractice. The trial court found that Gray's cause of action was barred by the relevant statute of limitations, R.C. 2305.11(A), and dismissed the complaint by summary judgment. Gray appeals.

Gray's complaint alleged legal malpractice in attorney Austin's representation of him as a plaintiff in a civil action before the United States District Court. That action was commenced in March 1984 and was terminated by summary judgment on March 28, 1985. The judgment was appealed to the United States Court of Appeals. Prior to a ruling by the United States Court of Appeals, Gray filed a motion for relief from judgment in the district court. On November 12, 1986, the United States Court of Appeals affirmed the district court. On June 30, 1988, the district court overruled the motion for relief from judgment.

On February 28, 1989, Gray filed this action for legal malpractice in the Court of Common Pleas of Montgomery County. Gray alleged negligence on

the part of Austin and the other attorney defendants in representing him in the federal action. More specifically, Gray alleged failure to pursue discovery, failure to investigate, failure to timely submit evidentiary materials in opposition to the motion for summary judgment, and that "defendants generally neglected their legal representation of plaintiff."

All the defendants filed answers to the complaint. They also joined in a motion for summary judgment, arguing that the action was time-barred by the one-year statute of limitations for legal malpractice, R.C. 2305.11(A), because it had been filed more than one year after the cause of action accrued. Gray replied that, under the "cognizable event" rule of *Zimmie v. Calfee, Halter & Griswold* (1989), 43 Ohio St.3d 54, 538 N.E.2d 398, the cause of action did not "accrue" or the period for limitation begin to run until June 30, 1988, when the district court overruled his motion for relief from judgment, causing his complaint filed below on February 28, 1989, to be within the one-year period required. Gray also argued that, in any case, the "savings" provisions of R.C. 2305.15(A) applied to toll the statute of limitations from March 1985, when defendant Austin moved from Ohio to the Virgin Islands, thus preserving Gray's cause of action through the time his complaint was filed.

The trial court agreed that the "cognizable event" rule of *Zimmie* applied. However, the trial court found that because the summary judgment granted by the district court in November 1986 was a "cognizable event" which put Gray on notice of the alleged negligence, and because the professional representation terminated in December 1986, the cause of action accrued and the statute of limitations commenced to run from that latter date under the rule of *Zimmie.* The court therefore held the cause of action and claims for relief in the February 28, 1989 complaint are barred by the one-year limitation of R.C. 2305.11(A). Concerning the "savings" statute, R.C. 2305.15(A), the court found "that Plaintiff's mere allegations that the statute of limitations has not run with regard to Defendant Austin are not sufficiently supported in the record of this case." The court granted the defendants' motion for summary judgment on that basis.

Gray filed a timely notice of appeal from the summary judgment dismissing his complaint. Appellant Gray presents a single assignment of error, arguing generally that the trial court erred in granting summary judgment. In support of that assigned error Gray does not take issue with the finding that the cause of action "accrued" under the rule of *Zimmie* in December 1986. Rather, Gray argues that the trial court erred in finding the record insufficient to support application of the "savings" statute, R.C. 2305.15(A), to preserve his cause of action.

R.C. 2305.15 provides:

"(A) When a cause of action accrues against a person, if he is out of the state, has absconded, or conceals himself, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, 1302.98, and 1304.29 of the Revised Code does not begin to run until he comes into the state or while he is so absconded or concealed. After the cause of action accrues if he departs from the state, absconds, or conceals himself, the time of his absence or concealment shall not be computed as any part of a period within which the action must be brought."

Gray argues that Austin moved from Ohio to the Virgin Islands in March 1985, and that R.C. 2305.15(A) therefore tolls the one-year statute of limitations from the time the cause of action "accrued" in December 1986, the date found by the trial court.

We need not reach the issue of whether the trial court erred in finding the record insufficient to support the application of R.C. 2305.15(A). That statute has been held to be an unconstitutional violation of the Commerce Clause of the Fourteenth Amendment to the United States Constitution when it denies the benefits of a limitations period to out-of-state defendants unless they take special action not required of Ohio residents to preserve the limitations benefit.

In *Bendix Autolite Corp. v. Midwesco Enterprises, Inc.* (1988), 486 U.S. 888, 108 S.Ct. 2218, 100 L.Ed.2d 896, the Supreme Court reasoned that although statute of limitations defenses are not a fundamental right, they are an integral part of the legal system and may not be withdrawn from out-of-state persons or corporations on conditions repugnant to the Commerce Clause. Determinations of such issues require a test, balancing the state's need to adjudicate conflicts with the burdens imposed on residents of other states by a savings statute that preserves the state's jurisdiction while the non-resident is outside its boundaries.

Businesses located in Ohio, and non-Ohio businesses that have appointed an agent for service of process pursuant to R.C. 1703.041, have the full benefit of statutes limiting causes of action against them to specific times. Businesses outside Ohio that have not appointed an agent are subjected by R.C. 2305.-15(A) in perpetuity to the prospect of a lawsuit, a prospect that can be avoided only by locating an office in Ohio or by appointing an agent for service here. A burden is thus imposed on non-Ohio businesses to which Ohio businesses are not similarly subjected. This burden is an undue burden because Ohio has provided for non-resident service through its long-arm statute, R.C. 2307.382, a method which may be used to obtain jurisdiction over non-Ohio parties during the limitations period with little additional difficulty. This undue

burden is repugnant to the Commerce Clause and, when applied to subject non-Ohio persons and corporations to suit in perpetuity through R.C. 2305.-15(A), is unconstitutional. *Bendix, supra.*

*Bendix* concerned a corporation doing business in Ohio. In *Tesar v. Hallas* (N.D.Ohio 1990), 738 F.Supp. 240, a defamation action was brought against a Pennsylvania resident who had moved from Ohio, where the tort allegedly occurred, to Pennsylvania in order to take other employment. The district court noted that "interstate commerce is affected when persons move between states in the course of or in search for employment." *Id.* at 242, citing *United States v. Capo* (C.A.2, 1986), 791 F.2d 1054, and other cases. The court applied the balancing test of *Bendix* to the facts, and noted with respect to the availability of the savings statute:

"Here * * * the prospective individual defendant has an even more draconian choice to make than that presented to the foreign corporation in *Bendix.* There being no mechanism by which he could register with the state for service purposes, Hallas would have had to choose between traveling out-of-state and enjoying the protection of the statute of limitations. He would have had to forego the position in Pittsburgh, or at least delay it substantially. On the other hand, again like in *Bendix,* Tesar would have had no trouble obtaining personal jurisdiction over Hallas via Ohio's long arm statute; O.R.C. § 2307.38.2(3) provides for jurisdiction over one alleged to have caused tortious injury in the state. With respect to the personal jurisdiction argument, Tesar has not presented, and the Court does not find, a persuasive basis for distinguishing *Bendix* from the case at hand." *Id.* at 242–243. See, also, *Abramson v. Brownstein* (C.A.9, 1990), 897 F.2d 389.

In both *Bendix* and *Tesar* the court noted that no allegation had been made that the foreign resident had absconded or concealed himself to avoid service, grounds to toll the limitations period expressly provided in R.C. 2305.15(A). The parties in those cases were simply located in other states, for legitimate reasons. The *Bendix* and *Tesar* courts suggested that allegation of an "abscond or conceal" ground raised other considerations, and thus might produce a different result.

The facts before us are identical to those in *Tesar v. Hallas, supra.* Defendant Austin moved from Ohio to the Virgin Islands to establish a law practice there. His move affected interstate commerce. While the record suggests that he maintained activities in Ohio after the move, that was his voluntary choice and does not cure the problem inherent in the application of R.C. 2305.15(A) to these facts. Austin could have been served under the long-arm statute, R.C. 2307.382, while he was in the Virgin Islands. Indeed, any

visits back to Ohio would have even facilitated regular service rather than complicate it.

In considering the state's interest in creating a tolling statute, the court in *Bendix* stated, 486 U.S. at 893, 108 S.Ct. at 2222, 100 L.Ed.2d at 904:

"The ability to execute service of process on foreign corporations and entities is an important factor to consider in assessing the local interest in subjecting out-of-state entities to requirements more onerous than those imposed on domestic parties."

Appellant Gray has not demonstrated that the methods of service available to him in this case, including long-arm service, were inadequate to subject appellee Austin to jurisdiction in Ohio during the one-year limitation period provided by R.C. 2305.11(A). The burden on interstate commerce created by the tolling provisions of R.C. 2305.15(A) exceed any local interest of the state of Ohio in withholding the limitations benefit from out-of-state parties in the position of appellee Austin. Therefore, under the rule of *Bendix*, application of R.C. 2305.15(A) to toll the statute of limitations provided by R.C. 2305.-11(A), as it applies to the facts of this case, is unconstitutional.

While the foregoing constitutional issue was not presented to the trial court and did not form a basis for its decision, we may consider it in our determination of the error alleged because it is an issue of law not dependent on a factual record developed by the parties. Furthermore, both appellant and appellees have had a full opportunity to address the issue in their briefs to this court.

The judgment of the trial court will be affirmed.

*Judgment affirmed.*

WILSON and WOLFF, JJ., concur.