This is an appeal from the judgment of the Lucas County Court of Common Pleas which granted the motion for summary judgment filed by appellees, Ernst Sternfeld, M.D., and William Sternfeld, M.D. Appellant's complaint was dismissed on the basis that it was barred by the applicable statute of limitations. For the following reasons we affirm the decision of the trial court.
Appellant, Judith A. Keel, timely appealed the decision of the trial court and raises the following sole assignment of error:
 "The trial court erred in granting Summary Judgment in favor of the Defendants Ernst Sternfeld, M.D. and William Sternfeld, M.D. on the basis that the Plaintiff's action was barred by the statute of limitations, § 2305.11 R.C."
Appellant filed this medical malpractice claim against appellees on November 30, 1995.[1] Appellant served each appellee with a "one hundred eighty-day letter," pursuant to R.C.2305.11(B)(1). Dr. William Sternfeld received his letter on May 31, 1995, and Dr. Ernst Sternfeld received his on June 1, 1995. As such, appellant's complaint was admittedly filed three days after the expiration of the statute of limitations as to Dr. William Sternfeld, and two days after the expiration of the statute of limitations as to Dr. Ernst Sternfeld.
Appellees filed motions for summary judgment requesting the trial court to dismiss appellant's complaint on the basis that it was filed outside the applicable statutory period. On June 10, 1997, appellant filed requests for admissions and production of documents and interrogatories. Specifically, appellant requested appellees to admit that they were absent from Ohio for at least four days between May 31, 1995 and November 30, 1995, and that they were not engaged in interstate commerce during their absence. Appellant also requested that if appellees contended they were engaged in interstate commerce, they support their contention with appropriate documentation.
On June 26, 1997, appellant requested additional time to respond to appellees' motion for summary judgment to allow her to obtain responses to discovery requests. On June 30, 1997, appellant was granted until thirty days after appellees responded to the requests for discovery, to respond to appellees' motion for summary judgment.
Appellees requested an extension of time, on July 9, 1997, to respond to appellant's discovery requests. Appellees were ordered to respond to appellant's requests for admissions and production of documents and interrogatories by August 5, 1997.
On July 29, 1997, Dr. Ernst Sternfeld responded to appellant's requests and stated that he was outside the state during the specified period of time; however, he was engaged in interstate commerce. When asked, "on what facts do you allege that you were engaged in interstate commerce," Dr. Ernst Sternfeld responded:
 "Assuming this Interrogatory relates only to the time Defendant was outside the State of Ohio during this time period, during Defendant's absence from the State, Defendant, on information and belief, engaged in interstate commerce by, among other things, purchasing airline tickets for a flight out of the State of Ohio, renting a car while out of the State of Ohio, purchasing accommodations at various hotels and motels outside of the State of Ohio and purchasing food and beverages outside of the State of Ohio. Again, at no time did Defendant `abscond or conceal himself to avoid service.'"
Dr. William Sternfeld also responded to appellant's requests on July 29, 1997. He also stated that he was absent from the state for at least four days during the relevant period while engaged in interstate commerce, but not for the purpose of absconding or concealing himself to avoid service. Dr. William Sternfeld was also asked, "on what facts do you allege that you were engaged in interstate commerce," to which he replied:
 "Assuming this Interrogatory relates only to the time Defendant was outside of the State of Ohio during this time period, Defendant was absent from the State of Ohio on various occasions, some of which were for continuing medical education seminars in furtherance of Defendant's medical practice which Defendant believes qualifies as engaging in interstate commerce in any event. On one instance, Defendant was absent from the State as a representative of Flower Memorial Hospital for a seminar meeting. In addition, for all absences from the State during this time, Defendant, on information and belief, engaged in interstate commerce by, among other things, purchasing airline tickets for travel, purchasing hotel and/or motel lodging in various States, purchasing food and beverages in various States other than Ohio and on several occasions renting an automobile for transportation. Again, at no time did Defendant `abscond or conceal himself to avoid service.'"
Appellant filed her memorandum in opposition on August 19, 1997. Appellant asserted that, because appellees were admittedly out of the state during the one hundred-eighty day period, the one hundred-eighty day period was extended, pursuant to R.C. 2305.15, by the amount of time appellees were out of the state. Appellant made no motion requesting further discovery.
On August 26, 1997, the trial court entered judgment in appellees' favor, and stated:
 "Because plaintiff has failed to demonstrate that either defendant was absent from the state for the purpose of avoiding service of process, this Court finds that plaintiff's claims are barred by the statute of limitations. See Saba v. Mooney (Dec. 30, 1993), Lucas App. No. L-93-203, unreported; Spence v. Gohara (Oct. 28, 1994), Lucas App. No. L-94-043, unreported; R.C. 2305.11(B)(1). Therefore, defendants are entitled to judgment as a matter of law."
On appeal, appellant argues that, pursuant to R.C.2305.15(A), the applicable statute of limitations is tolled if appellees were merely out of the state and that there is no requirement that the departure is for the purpose of absconding or concealing themselves to avoid being served. Appellant further argues that the only exception to this provision is if the defendant is outside the state for purposes of interstate commerce. Under such circumstances, the statute would not be tolled. In response, appellees argue that a literal application of R.C. 2305.15(A) puts an impermissible burden on interstate commerce and, therefore, Ohio courts have concluded that the tolling statute only applies if a defendant absconded or concealed himself to avoid service of process.
R.C. 2305.15 states in pertinent part:
 "(A) When a cause of action accrues against a person, if he is out of the state, has absconded, or conceals himself, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, 1302.98, and 1304.35 of the Revised Code does not begin to run until he comes into the state or while he is so absconded or concealed. After the cause of action accrues if he departs from the state, absconds, or conceals himself, the time of his absence or concealment shall not be computed as any part of a period within which the action must be brought." (Emphasis added.)
In interpreting this statute, the Ohio Supreme Court has held that R.C. 2305.15(A) tolls the applicable statute of limitations as to a defendant who is absent from the state of Ohio regardless of whether that defendant is amenable to service by some means other than personal service. See Seeley v. Expert, Inc. (1971), 26 Ohio St.2d 61, paragraph three of the syllabus. Additionally, the court has held that even temporary absences from the state by Ohio residents for purposes of vacation toll the statute of limitations. Wetzel v. Weyant (1975), 41 Ohio St.2d 135. Justice Celebrezze, however, dissented from the majority opinion inWetzel. Celebrezze criticized the majority for upholding the statute which had outlived its usefulness, and stated:
 "R.C. 2305.15 was enacted to avoid the harsh result of barring a meritorious claim through operation of a statute of limitations, merely because the claimant was prevented from timely bringing an action by the absence from the state or concealment of the prospective defendant to prevent the service of summons.
 "With that purpose in mind, there is an unexpressed premise in R.C. 2305.15. When the statute speaks of the party absconding or concealing himself, it is for the purpose of allowing the expiration of the statute to prevent the action from being brought against him; if his temporary departure has that same effect he should not be allowed to benefit from it. However, under the present state of the law, that absence never has the effect of preventing the action from being brought." Wetzel at 139 (Celebrezze, J., dissenting).
To illustrate the error in the majority's opinion, Celebrezze stated as follows:
 "My disagreement with the opinion of the majority is more basic. The court, it seems to me, is indulging in a sort of judicial `waiting for Godot.' However, Godot cannot be far away. Perhaps tomorrow a traveling salesman living in Ohio, whose business has taken him out of the state three days each week for the past ten years, will have a personal injury action brought against him concerning an auto accident which occurred over four years ago. According to the majority, that action will be saved by their interpretation of R.C. 2305.15.
 "The court should not wait for a case so ridiculous. Instead, it should reverse the Court of Appeals, and relegate the operation of R.C. 2305.15 to those circumstances for which it was so clearly intended (if any such set of circumstances can now exist)." Wetzel
at 140 (Celebrezze, J., dissenting).
Just over a decade after Wetzel, the United States Supreme Court decided Bendix Autolite Corp. v. MidwescoEnterprises, Inc. (1988), 486 U.S. 888, wherein the court held that R.C. 2305.15 placed a significant burden on interstate commerce. In Bendix, the defendant was a Delaware corporation which did not have a designated statutory agent in Ohio. The court found that R.C. 2305.15 forces a foreign corporation to choose between exposure to the general jurisdiction of Ohio courts, by designating a statutory agent, or forfeiture of the limitations defense, thereby remaining subject to suit in Ohio in perpetuity. Bendix at 893. The court held:
 "Although statute of limitations defenses are not a fundamental right, [citations omitted], it is obvious that they are an integral part of the legal system and are relied upon to project the liabilities of persons and corporations active in the commercial sphere. The State may not withdraw such defenses on conditions repugnant to the Commerce Clause. Where a State denies ordinary legal defenses or like privileges to out-of-state persons or corporations engaged in commerce, the state law will be reviewed under the Commerce Clause to determine whether the denial is discriminatory on its face or an impermissible burden on commerce. The State may not condition the exercise of the defense on the waiver or relinquishment of rights that the foreign corporation would otherwise retain." Id.
The United States Supreme Court also held that "[t]he ability to execute service of process on foreign corporations and entities is an important factor to consider in assessing the local interest in subjecting out-of-state entities to requirements more onerous than those imposed on domestic parties." Id.
The Bendix decision was later expanded to a situation where an Ohio resident was absent from the state because he had moved to Pittsburgh to get a new job. Tesar v. Hallas (1990),738 F. Supp. 240. The United States District Court for the Northern District of Ohio, Eastern Division, noted that it is well established that "`the movement of persons falls within * * * the Commerce Clause.'" Tesar at 242, citing Edwards v. California
(1941), 314 U.S. 160, 172.[2] As such, the Tesar court held that "interstate commerce is affected when persons move between states in the course of or in search for employment." Id. Relying on Bendix, Tesar held that R.C. 2305.15 placed an unreasonable burden on commerce, and stated, "it seems plainly `unreasonable' for persons who have committed acts they know might be considered tortious to be held hostage until the applicable limitations period expires." Tesar also noted that the plaintiff "would have had no trouble obtaining personal jurisdiction over [the defendant] via Ohio's long arm statute." Id. at 243. Accordingly, the Tesar court held that the applicable statute of limitations was not tolled during the defendant's absence because R.C. 2305.15 was an undue burden on interstate commerce, and held:
 "Thus, without disturbing the portions of the statute tolling limitations periods for persons who `abscond' or `conceal' themselves, the Court finds that the portion of O.R.C. § 2305.15 which causes automatic tolling for out-of-state persons, over whom the Ohio courts would have personal jurisdiction and who are not alleged to have fled or concealed their location, is not justified." Id. at 243.
Since Bendix and Tesar, appellate courts have consistently held that statutes of limitations are not tolled, pursuant to R.C. 2305.15, when defendants leave the state for employment purposes because it interferes with interstate commerce. See, e.g., Gray v. Austin (1992), 75 Ohio App.3d 96, (defendant moved from Ohio to another state to set up new law practice); Highland v. Webb (June 3, 1994), Montgomery App. No. 14024, 14061, unreported, (defendant, who was an Ohio resident, frequently left the state in connection with his employment);Gardener v. Gleydura (Jan. 16, 1997), Cuyahoga App. No. 69791, unreported. However, in situations where a defendant has left the state for reasons other than employment, Ohio appellate courts have provided conflicting interpretations as to exactly what part of R.C. 2305.15 has been ruled unconstitutional, and to what situations R.C. 2305.15 still applies.
For instance, Ohio appellate courts have been inconsistent in their interpretation and application of R.C.2305.15 as it relates to absences arising due to personal reasons, such as college and vacation. Some courts continue to apply a literal interpretation to R.C. 2305.15, in accord with Wetzel,supra, where no issue of interstate commerce is raised. See,e.g., Crosby v. Beam (1992), 83 Ohio App.3d 501, (we held that no interstate commerce was involved and held that the statute of limitations was tolled during the time appellant was out of the state); Brown v. Lavery (1993), 87 Ohio App.3d 745, (statute of limitations tolled during the time defendant was out of the state attending college); Highland, supra, (although statute of limitations was not tolled while defendant was out of state in relation to his job, the court found that time was tolled while defendant was out of state on vacation); Lovejoy v. Macek (1997),122 Ohio App.3d 558, 565, (statute of limitations tolled while defendant on vacation because "vacation trips do not rise to the level of acts engaging in interstate commerce" and, therefore, application of R.C. 2305.15 does not invoke the Commerce Clause). The courts that apply a literal interpretation to the language of R.C. 2305.15 do not consider a defendant's availability for service to be of any consequence.
Other courts, however, have concluded that R.C. 2305.15
can no longer be used to toll the statute of limitations unless it is demonstrated that the defendant has absconded or concealed himself to avoid service of process. See, e.g., Stutz v. Grigsby
(May 14, 1993), Lucas App. No. L-92-335, unreported, (R.C. 2305.15
"is, to a great extent, no longer a valid means to toll the running of a statute of limitations" and only applies in those instances where the defendant has absconded or concealed himself to avoid service); Saba v. Mooney (Dec. 30, 1993), Lucas App. No. L-93-203, unreported, (statute of limitations not tolled where there was no evidence that defendants absconded or concealed themselves to avoid service of process); Noonan v. Rogers (1994),97 Ohio App.3d 621, (citing Stutz, court found that temporary absence from state for unspecified reason did not toll the statute of limitations); Spence v. Gohara (Oct. 28, 1994), Lucas App. No. L-94-043, unreported, ("only situations where R.C. 2305.15 might be a valid means of tolling the statute of limitations would be those in which the defendant has absconded or concealed himself to avoid service"); Simpson v. Neidlinger (Nov. 13, 1996), Hamilton App. No. C-950649, unreported, (statute of limitations not tolled during the time defendant was out of state for personal reasons ("Wetzel * * * is no longer good law")); Jones v. St. Anthony Med.Ctr. (Feb. 20, 1996), Franklin App. No. 95APE08-1014, unreported; and Warstler v. Hein (May 6, 1999), Cuyahoga App. No. 74078, unreported.
Recently, the First District Court of Appeals held, "We perceive the holding of Bendix has narrowly limited the application of R.C. 2305.15(A) such that the `out-of-state' portion of the statute is no longer constitutionally valid."Permanent General Ins. Cos., Inc. v. Dressler (Dec. 4, 1998), Hamilton App. No. C-980088, unreported. Moreover, the court inDressler found that the act of vacationing out of state implicates interstate commerce:
 "[Defendant], a resident of Ohio, amenable to service, left the state to vacation. Surely the act of vacationing out of state implicates interstate commerce. An entire industry has grown around the simple act of leaving one's home for a short respite in another state or another country. States advertise to convince residents of other states to enjoy the amenities provided by the advertising state. The ultimate goal of the advertising state, of course, is to bring in out-of-state monies. Travelers spend money for the privilege of out-of-state vacations. Just as all courts have held that travel for employment purposes does not toll the statute of limitations because of interference with interstate commerce, we believe that travel for vacation purposes should not require Ohio residents to have to decide whether to forego traveling for vacation purposes or to give up the statute-of-limitations defense. [Footnote omitted.]
 "We believe that a defendant should not be precluded from using the statute-of-limitations defense where his absences have not affected the plaintiff's ability to file an action against him in a timely manner. [Footnote omitted.] R.C. 2305.15 was not meant to reward a dilatory plaintiff by extending the time in which to file a complaint because a defendant vacationed out of state, enjoyed out-of-state restaurants, visited relatives out of state, or participated in a myriad of out-of-state activities. The statute was meant to avoid the loss of a meritorious claim because adiligent plaintiff was prevented from timely bringing an action because a defendant absconded or concealed himself to avoid service of process. There is nothing in the record to indicate [defendant] had absconded or concealed hiswhereabouts."
Appellant bore the burden to demonstrate that the statute of limitations was tolled. Wright v. Univ. Hosp. ofCleveland (1989), 55 Ohio App.3d 227, 233; Spence, supra. Based upon our former decisions in Stutz, Saba, and Spence, and the Hamilton County appellate decisions, Noonan, Simpson, andDressler, we find that, in order to benefit from R.C. 2305.15, appellant bore the burden of demonstrating that appellees absconded or concealed themselves to avoid service of process. There is no evidence of record that even suggests appellees were out of the state to abscond or conceal themselves. Alternatively, based on the rationale in Dressler, and the activities described by appellees in their responses to appellant's interrogatories, we find that appellees were engaged in interstate commerce. As such, R.C. 2305.15 cannot be applied in this instance. See Bendix.
Appellant argues that she required additional discovery to determine why appellees were out of the state; however, we find that she did not raise this issue before the trial court. Instead, on August 19, 1997, appellant filed her brief in response to appellees' motion for summary judgment. Appellant's only argument was that the applicable statute of limitations was tolled if appellees were out of the state for any reason. It is axiomatic that issues not presented for consideration below will not be considered by this court on appeal. Shover v. Cordis Corp.
(1991), 61 Ohio St.3d 213, 220. Because the discovery issue was not raised before the lower court, we cannot now consider appellant's argument.
Accordingly, we find that there are no genuine issues of material fact and that appellees are entitled to summary judgment as a matter of law. See Civ. R. 56(C). Appellant filed her complaint beyond the one hundred-eighty day period and failed to establish that R.C. 2305.15 applied. Accordingly, appellant's sole assignment of error is found not well-taken.
On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
[1] Appellant additionally sued Flower Memorial Hospital. The hospital also filed a motion for summary judgment on the basis that appellant's complaint was filed beyond the applicable statute of limitations. The trial court found that "defendants are entitled to judgment as a matter of law." Appellant, however, does not appeal the judgment in favor of the hospital.
[2] Edwards concerned a statutory provision that precluded persons from bringing non-resident indigents into the state of California. Appellant was convicted for having brought an indigent person into the state. The United States Supreme Court held that the statute was an unconstitutional barrier to interstate commerce.