OPINION
{¶ 1} The plaintiff-appellant, Renee Drumm, appeals the November 2, 2004, judgment of the Municipal Court of Celina, in Mercer County, Ohio, granting summary judgment in favor of defendant-appellee, Jon Brekken. Although this appeal has been placed on the accelerated calendar, this court elects to issue a full opinion pursuant to Loc.R. 12(5).
 {¶ 2} On November 16, 2001, Drumm filed a complaint in the Celina Municipal Court seeking compensation for injuries she allegedly received as a result of an automobile accident with Brekken on November 18, 1999. At the time of the accident, Brekken was living in Celina, Ohio; however, in 2000, Brekken's father lost his job, so the family moved to North Dakota. The Clerk of Courts attempted to serve Brekken with the complaint and summons at the address given to Drumm at the time of the accident, but failed when the pleadings were returned with the notation "Undeliverable as addressed-forwarding expired."
 {¶ 3} Over two years later, on December 22, 2003, the Clerk of Courts served Brekken at his parent's address in North Dakota via certified mail, which was delivered and signed by Maggie Brekken. On September 16, 2004, Brekken filed a motion for summary judgment claiming the defense of statute of limitations pursuant to R.C. 2305.10 and questioning the constitutionality of R.C. 2305.15. On November 2, 2004, the trial court granted Brekken's motion for summary judgment. Drumm appeals alleging one assignment of error.
The trial court erred in dismissing the appellant's complaint when itfailed to apply O.R.C. 2305.15 to extend the time in which to serve anout-of-state defendant.
 {¶ 4} In the instant case, Drumm argues that summary judgment is inappropriate because the tolling provision outlined in R.C. 2305.15 is applicable. Conversely, Brekken contends that the tolling provision of R.C. 2305.15 unconstitutionally impinges on interstate commerce in violation of the United States Constitution.
 The Standard {¶ 5} The standard for review of a grant of summary judgment is one of de novo review. Lorain Nat'l Bank v. Saratoga Apts. (1989),61 Ohio St.3d 127, 129, 572 N.E.2d 198. Thus, such a grant will be affirmed only where there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). In addition, "summary judgment shall not be rendered unless it appears . . . that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence construed most strongly in his favor." Id.
 {¶ 6} The moving party may make his motion for summary judgment in his favor "with or without supporting affidavits[.]" CivR. 56(B). However, "[a] party seeking summary judgment must specifically delineate the basis upon which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond." Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 526 N.E.2d 798, syllabus. Summary judgment should be granted with caution, with a court construing all evidence and deciding any doubt in favor of the nonmovant. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 360, 604 N.E.2d 138. Once the moving party demonstrates that he is entitled to summary judgment, the burden then shifts to the non-moving party to show why summary judgment in favor of the moving party should not be had. See Civ.R. 56(E). In fact, "[i]f he does not so respond, summary judgment, if appropriate, shall be rendered against him." Id.
 Constitutionality of R.C. 2305.15[1] {¶ 7} R.C. 2305.15(A) provides:
When a cause of action accrues against a person, if he is out ofstate, has absconded, or conceals himself, the period of limitation forthe commencement of the action as provided in sections 2305.04 to 2305.14. . . does not begin to run until he comes into the state or while he isso absconded or concealed.
 {¶ 8} In Bendix v. Midwestco Enterprises (1988), 486 U.S. 888, 894,108 S.Ct. 2218, the United States Supreme Court declared R.C. 2305.15
unconstitutional as applied to out of state corporations foreign to Ohio. The Bendix court stated:
The ability to execute service of process on foreign corporations andentities is an important factor to consider in assessing the localinterest in subjecting out-of-state entities to requirements more onerousthan those imposed on domestic parties.
Id. at 893. Applying the principles outlined in Bendix, courts have determined that R.C. 2305.15 is also unconstitutional when applied to defendants that have lived in Ohio but left due to reasons that fall within the reach of interstate commerce. See, e.g., Gary v. Austin
(1992), 75 Ohio App.3d 96, 598 N.E.2d 893; Tesar v. Hallas (1990),738 F.Supp. 240.
 {¶ 9} In Tesar, the defendant moved from Ohio to Pennsylvania for employment purposes within the one year statute of limitations required for the action to be brought by the plaintiff; however, the plaintiff relied on the tolling provision outlined in R.C. 2305.15 and argued that when the defendant moved out of state, R.C. 2305.15 tolled the statute of limitations. 738 F.Supp. at 240-41. The court disagreed and followed the Bendix holding stating:
If the events in question here involve an out-of-state person engagedin commerce, then this Court must undertake an analysis like the one setforth in Bendix, i.e., it must inquire whether O.R.C. § 2305.15 isdiscriminatory on its face or an impermissible burden on commerce. Thethreshold question is whether [the defendant] can be deemed, in commerceclause terms, to be or to have been engaged in commerce.
* * *
The United States Supreme Court addressed this issue two and a halfscore years ago, and held that the movement of persons falls within theCommerce Clause. Courts since then have followed suit, holding thatinterstate commerce is affected when persons move between states in thecourse of or in search of employment.
* * *
Following Bendix's holding that requiring foreign corporations tosubmit to general jurisdiction of Ohio courts is an unreasonable burdenon commerce, it seems plainly unreasonable for persons who have committedacts they know might be considered tortious to be held hostage until theapplicable limitations period expires. Persons in that position, orbusinesses desirous of hiring them, would be burdened to a greater degreethan Bendix's foreign corporations, because Ohio has no procedure thatpermits a person who wishes to move out-of-state to register with thestate for service purposes.
* * *
The court therefore concludes that interstate commerce is sufficientlyaffected by the portion of Ohio's savings statute at issue here toimplicate the commerce clause.
Id. at 241-42 (internal quotations and citations omitted).
 {¶ 10} In the instant case, the record indicates that Brekken moved to North Dakota because his father lost his Ohio job and regained employment there. We conclude, therefore, that Brekken's move to North Dakota because his father was seeking employment implicates the Commerce Clause as applied in Tesar. Accordingly, R.C. 2305.15(A) is unconstitutional as applied to Brekken,[2] and the assignment of error is overruled.
Judgment Affirmed.
 Bryant and Rogers, J.J., concur.
[1] We note that Brekken correctly raised a constitutional issue in his motion for summary judgment in a civil action without notifying the Ohio Attorney General. See Ruble v. Ream, 4th Dist. No. 03CA14, 2003-Ohio-5969, at ¶ 14, appeal not allowed 101 Ohio St.3d 1489, 805 N.E.2d 540,2004-Ohio-1293 (holding that service to the Attorney General is required "only when the constitutionality of a statute is raised in a declaratory judgment action and not when the issue is raised in a motion filed in an ordinary civil proceeding").
[2] Also, we note as in Tesar, that this holding is limited to the portion of R.C. 2305.15(A) that concerns outof-state defendants. Because the issue is not before us, we are not addressing the constitutionality of R.C. 2305.15(A) as applied to defendants that fall within the "concealing" or "absconding" provision of that statute.