[Cite as *Ward v. Graue*, 2013-Ohio-1107.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| CORY WARD, | : | |
| Plaintiff-Appellant, | : | CASE NO. CA2012-06-046 |
| | : | O P I N I O N |
| - vs - | | 3/25/2013 |
| | : | |
| JAMES S. GRAUE, | : | |
| Defendant-Appellee. | : | |


CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2011-CVC-0099


R. Garrett Worley III, 2260 Francis Lane, Cincinnati, Ohio 45206, for plaintiff-appellant

Brian J. Augustine, 250 East Fifth Street, Suite 310, Cincinnati, Ohio 45202, for defendant-appellee

Bradley A. Wright, 222 South Main Street, Akron, Ohio 44308, for defendant-appellee


**HENDRICKSON, P.J.**

{¶ 1} Plaintiff-appellant, Cory Ward, appeals a decision of the Clermont Count Court of Common Pleas granting summary judgment in favor of defendant-appellee, James Graue. For the reasons discussed below, we affirm the trial court's decision.

{¶ 2} On January 14, 2011, Ward filed a complaint for personal injury. In his complaint, Ward alleged that on January 6, 2009, he was a passenger in a motor vehicle

traveling northbound on State Route 133 in Williamsburg, Ohio when a freight truck negligently operated by Graue exited a private drive, turned left, failed to yield the right of way, and struck the vehicle in which Ward was traveling. Ward stated that he suffered severe bodily injury from the accident, which he claims was the direct and proximate result of Graue's breach of his duty to operate his vehicle in a reasonably prudent fashion. Ward further alleged that Graue is, and at all relevant times has been, a resident of Villa Hills, Kentucky, and that "[p]ursuant to R.C. § 2305.15 [Graue] has be[en] absent from the State of Ohio for more than 8 days at the filing of this suit."

{¶ 3} Graue filed a Civ.R. 12(B)(6) motion to dismiss Ward's complaint on the basis that it was filed eight days after the two-year statute of limitations set forth in R.C. 2305.10 had expired, and the trial court granted the motion. In *Ward v. Graue*, 12th Dist. No. CA2011-04-032, 2012-Ohio-760, this court reversed the trial court's decision and remanded the matter upon finding that the trial court had improperly relied on allegations outside the scope of the complaint in ruling on Graue's motion to dismiss.

{¶ 4} After the case was remanded to the trial court, Graue filed a motion for summary judgment, again arguing that the complaint had been filed after the statute of limitations had expired. Graue contended that the tolling statute set forth in R.C. 2305.15 did not apply to save Ward's cause of action because the statute places an unconstitutional and impermissible burden on interstate commerce in violation of the Commerce Clause of the United States Constitution. In support of his motion for summary judgment, Graue attached an affidavit in which he averred that from January 6, 2009 until January 14, 2011, the date he was served with Ward's lawsuit, he lived in Kentucky and frequently traveled to and from Ohio for the purpose of his employment. Graue stated that he began working as a driver for United Parcel Service, Inc. (UPS) in 1999, and the parcels that he delivered "would often have traveled across state lines before arriving in Ohio to be delivered by me, a resident of

Kentucky." Graue further averred that on January 6, 2009, he was working as a package car driver for UPS, and at the time of the accident, he had been driving "one of the unmistakable large brown delivery trucks [for] UPS." In his affidavit, Graue states that he is not disputing Ward's claim that he was outside Ohio for more than eight days between January 6, 2009 and January 14, 2011. However, Graue attested that he "was not outside the State of Ohio in order to 'abscond' or 'conceal myself' between January 6, 2009 and January 14, 2011. I was outside of the State of Ohio because I lived in Kentucky during that period of time, as I do to this day."

{¶ 5} Ward filed a memorandum in opposition to Graue's motion for summary judgment, arguing that the tolling statute does apply to save his personal injury claim. Ward did not attach any evidence in support of his memorandum in opposition.

{¶ 6} A hearing on Graue's motion for summary judgment was held and, on May 31, 2012, the trial court entered a decision granting summary judgment in Graue's favor. In finding that R.C. 2305.15 could not be constitutionally applied to save Ward's claim, the trial court specifically held as follows:

> The uncontroverted evidence * * * is that Graue was a non-resident, traveling in Ohio while in the scope of his employment delivering parcels sent in interstate commerce to the ultimate addressee. His departure from Ohio after the date of the accident was solely to return to his Kentucky home, not to abscond or conceal himself.
>
> This Court finds the rationale of *Bendix [Autolite Corp. v. Midwesco Enterprises, Inc.,* 486 U.S. 888, 108 S.Ct. 2218 (1988)] * * * is equally applicable to a non-resident individual whose sole purpose in being in the state of Ohio is the lawful engagement in one's employment that promotes and involves interstate commerce. To hold otherwise would place an impermissible burden on interstate commerce, not only to those entities engaged in the business of commerce, but also any individual seeking employment with these entities. * * *

{¶ 7} Ward timely appealed the trial court's decision, raising as his sole assignment

of error the following:

{¶ 8}  THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF PLAINTIFF-APPELLANT CORY WARD BY GRANTING DEFENDANT-APPELLEE JAMES GRAUE'S MOTION FOR SUMMARY JUDGMENT AND FINDING THAT R.C. 2305.15, AS APPLIED TO DEFENDANT-APPELLEE, IS UNCONSTITUTIONAL.

{¶ 9}  Within his sole assignment of error, Ward argues that the trial court erred in finding R.C. 2305.15 unconstitutional as applied to Graue.  Ward contends that the holding of *Bendix* applies only to corporations, not natural persons, and that the trial court erred in extending the holding of *Bendix* to the facts of the present case.  Ward further contends that *Turek v. Hogan*, 12th Dist. No. CA92-09-178, 1993 WL 229395 (June 28, 1993), is controlling and applies to save his claim.

{¶ 10}  This court's review of a trial court's ruling on a motion for summary judgment is de novo.  *Grizinski v. Am. Express Fin. Advisors, Inc.*, 187 Ohio App.3d 393, 2010-Ohio-1945, ¶ 14 (12th Dist.).  "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial."  *Morris v. Dobbins Nursing Home*, 12th Dist. No. CA2010-12-102, 2011-Ohio-3014, ¶ 14, citing *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 383 (8th Dist.1997).  Summary judgment is appropriate when there are no genuine issues of material fact to be litigated, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party.  Civ.R. 56(C); *Williams v. McFarland Properties, L.L.C.*, 177 Ohio App.3d 490, 2008-Ohio-3594, ¶ 7 (12th Dist.).

{¶ 11}  To prevail on a motion for summary judgment, the moving party must be able to point to evidentiary materials that show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  *Dresher v. Burt*, 75 Ohio

St.3d 280, 293 (1996). The nonmoving party must then present evidence that some issue of material fact remains to be resolved. *Id.* "All evidence submitted in connection with a motion for summary judgment must be construed most strongly in favor of the party against whom the motion is made." *Dobbins Nursing Home* at ¶ 15, citing *Morris v. First Natl. Bank & Trust Co.*, 21 Ohio St.2d 25, 28 (1970).

{¶ 12} Ward concedes that his action for bodily injury was brought eight days outside the two-year statute of limitations set forth in R.C. 2305.10(A). However, Ward argues that Graue's absence from the state of Ohio from the time of the accident to the time Ward filed his complaint creates an exception to the statute of limitations, pursuant to R.C. 2305.15(A). This statute provides, in relevant part, the following:

> When a cause of action accrues against a person, if the person is out of the state, has absconded, or conceals self, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, 1302.98, and 1304.35 of the Revised Code does not begin to run until the person comes into the state or while the person is so absconded or concealed. After the cause of action accrues if the person departs from the state, absconds or conceals self, the time of the person's absence or concealment shall not be computed as any part of a period within which the action must be brought.

R.C. 2305.15(A).

{¶ 13} In 1988, the United Sates Supreme Court examined R.C. 2305.15(A) to determine if it violated the Commerce Clause in reference to out-of-state corporations. *Bendix*, 486 U.S. 888. In *Bendix*, the plaintiff, a Delaware corporation with its principal place of business in Ohio, brought suit against the defendant, an Illinois corporation with its principal place of business in Illinois, alleging breach of contract. The plaintiff, who filed suit after the four-year statute of limitations period had run, argued that R.C. 2305.15(A) tolled the statute of limitations as the defendant-corporation was "out of state" during this time period. The court employed a balancing test to determine whether the tolling statute constituted an

impermissible burden on interstate commerce and ultimately concluded that "the burden imposed on interstate commerce by the tolling statute exceeds any local interest that the State might advance." *Id.* at 891. The court reasoned that the statute of limitations defense was in effect denied to out-of-state corporations by R.C. 2305.15, as a foreign corporation would have to choose between exposure to the general jurisdiction of Ohio courts or forfeiture of any limitations defense under the tolling statute. *Id.* at 893-894. The court determined this choice placed an impermissible burden on interstate commerce, thereby violating the Commerce Clause. *Id.* at 895.

{¶ 14} In 1990, the holding of *Bendix* was extended to a case where a former Ohio resident moved out of state for employment purposes. *Tesar v. Hallas*, 738 F.Supp. 240 (N.D. Ohio 1990). In *Tesar,* the plaintiff, an Ohio resident, filed a defamation suit against the defendant, a resident of Pennsylvania, for statements the defendant made in a newspaper article that the defendant wrote when he was an Ohio resident employed by an Ohio newspaper. The plaintiff, who waited more than two years after the article was published to bring his action, argued that his suit was timely pursuant to R.C. 2305.15(A), as the statute of limitations was tolled when the defendant left Ohio. The defendant moved for dismissal on the basis that the statute was unconstitutional as applied to him, an out-of-state person who moved from Ohio to begin employment in another state. *Id.* at 241.

{¶ 15} The court in *Tesar* held that interstate commerce is clearly affected when persons move between states in the course of or in the search of employment. *Id.* at 242. The court determined that an individual seeking out-of-state employment would have an "even more draconian choice to make than that presented to the foreign corporation in *Bendix"* as the individual would have to choose between traveling out of state for employment purposes, thereby forfeiting statute of limitations protection, or staying in Ohio to enjoy the protection of the statute of limitations. *Id.* at 242-243. Such a choice places an

impermissible burden on interstate commerce. *Id.* As a result, the *Tesar* Court found the portion of R.C. 2305.15(A) that causes automatic tolling for out-of-state persons, over whom the Ohio courts would have personal jurisdiction and who are not alleged to have fled or concealed their location, to be unjustified and in contravention of the Commerce Clause. *Id.* at 243.

{¶ 16} Numerous district courts throughout Ohio have adopted the rationale expressed in *Tesar* and have found R.C. 2305.15(A) unconstitutional in relation to an individual who is "out of the state" in the course of or in search of employment. *See Gray v. Austin*, 75 Ohio App.3d 96 (2nd Dist.1992); *Drumm v. Brekken*, 3rd Dist. No. 10-04-21, 2005-Ohio-1428; *Walker v. Kakkaniyil*, 5th Dist. No. 98CA00037, 1999 WL 3944 (Dec. 7, 1998); *Spence v. Gohara*, 6th Dist. No. L-94-043, 1994 WL 590528 (Oct. 28, 1994); *Gardner v. Gleydura*, 8th Dist. No. 69791, 1997 WL 15280 (Jan. 16, 1997).

{¶ 17} The rationale expressed in *Bendix* and *Tesar* has also been applied to bar the use of R.C. 2305.15(A) to toll the statute of limitations in actions brought against defendants who have never resided in Ohio. See *Ruble v. Ream*, 4th Dist. No. 03CA14, 2003-Ohio-5969; *Grover v. Bartsch*, 170 Ohio App.3d 118, 2006-Ohio-6115 (2nd Dist.).

{¶ 18} In *Ruble*, the plaintiff, a resident of West Virginia, brought suit against the defendant for injuries sustained in a vehicular accident that occurred in Washington County, Ohio. The defendant, originally a resident of West Virginia who had moved to Pennsylvania sometime after the accident, sought to dismiss the personal injury action on the basis that the complaint was filed beyond the statute of limitations and R.C. 2305.15(A) could not be constitutionally applied to save the claim. The trial court granted the defendant's motion to dismiss, and the Fourth District affirmed the decision, finding that "under *Bendix*, R.C. 2305.15(A) is unconstitutional as applied to [defendant], a person who never has been a resident of Ohio. * * * [S]uch tolling of a statute of limitations as against non-residents is

unconstitutional because it could perpetually subject the non-resident defendant to potential liability." *Ruble* at ¶ 24.

{¶ 19} Similarly, in *Grover*, the Second District determined that R.C. 2305.15(A) could not be constitutionally applied to a non-resident defendant who had been present in Ohio for business purposes on the date a defamation action accrued as "the application of the tolling provision to an out-of state defendant—regardless of whether that defendant is an individual or a corporation—would cause the defendant to be perpetually subject to liability in Ohio." *Grover* at ¶ 44. The defendant in *Grover* was a Virginia resident who had traveled to Ohio to give a lecture in Dayton in order to promote a forthcoming book, and while promoting his book made statements that offended the plaintiffs, both residents of Ohio. The defendant left Ohio two days after presenting the lecture and never returned. Plaintiffs argued that R.C. 2305.15(A) could be constitutionally applied to save their claims as the statute "is constitutional as applied to individuals who leave Ohio for personal reasons." *Id.* at ¶ 33. Relying on *Ruble*, the trial court determined that the "application of the tolling statute to [the defendant] who, according to the facts set out in the plaintiffs' Complaint, has never been a resident of Ohio * * * presents a situation * * * where the tolling statute 'could perpetually subject the non-resident defendant to potential liability' and impose an unconstitutional burden on interstate commerce." *Id.* at ¶ 43. The Second District agreed with the trial court, stating that it was clear that the defendant came to Ohio for business purposes as he "derived substantial revenue from his activities in Dayton, Ohio, surrounding his delivery of his lecture and the pre-publication sale of his book." *Id.* at ¶ 47. "[T]o apply R.C. 2305.15(A) to [the defendant], who was present in Dayton, Ohio * * * for business purposes and has not returned, would create an impermissible burden on interstate commerce. * * * [Therefore,] the tolling provision of R.C. 2305.15 [is] unconstitutional, as violative of the Commerce Clause, when applied to [the defendant]." *Id.* at ¶ 48.

{¶ 20} We find the present case to be indistinguishable from *Ruble* and *Grover*. There is uncontroverted evidence that Graue, a resident of Kentucky, was traveling in Ohio at the time of the accident while in the course of his employment. Graue's affidavit establishes he was driving a UPS delivery truck and was in the process of delivering packages that had "often traveled across state lines" at the time of the collision. Graue's affidavit further establishes that his departure from Ohio after the accident was to return to his home, not to abscond or conceal himself. If R.C. 2305.15(A) were applied to toll the two-year statute of limitations in this instance, Graue would perpetually be subject to potential liability for damages arising out of the accident as he is, by the very nature of being a Kentucky resident, "out of the state." Accordingly, we find that application of R.C. 2305.15(A) to Graue, a person who has never been a resident of Ohio and who was present in Ohio on the date the cause of action accrued for business purposes, to be unconstitutional and violative of the Commerce Clause as it would create an impermissible burden on interstate commerce.

{¶ 21} In reaching this determination, we expressly reject Ward's argument that *Turek v. Hogan*, 12th Dist. No. CA92-09-178, 1993 WL 229395 (June 28, 1993), controls. In *Turek*, this court examined R.C. 2305.15(A) and determined that the statute tolled the statute of limitations for those periods when the defendants were absent from Ohio. *Id.* at *2. *Turek* is significantly different from the present case as we were not called upon to determine whether R.C. 2305.15(A) placed an impermissible burden on interstate commerce in violation of the Commerce Clause. As such, *Turek* is distinguished from and inapplicable to the case at hand.

{¶ 22} For the reasons discussed above, we find that summary judgment was properly granted to Graue. Pursuant to *Bendix* and its progeny, R.C. 2305.15(A) cannot be constitutionally applied to the facts established by this case. Ward's sole assignment of error is, therefore, overruled.

{¶ 23} Judgment affirmed.

S. POWELL and RINGLAND, JJ., concur.